MALINE LEHMAN ET AL. v. AARON T. POWE ET AL.

[49 South. 622.]

1. ESTATES OF DECEDENTS. *Insolvency. Master's report on claims. Exceptions. Objections before master. Matters of fact. Matters of law.*

An exception to the report of a master touching matters depending
on proof and committed to his judgment, for examples, whether
a claim against the estate of a decedent is barred by limitation
or is fictitious, will not be sustained where the party excepting
failed to make objection before the master; but such failure is
not cause for disallowing an exception based on a matter of law
apparent of record, for examples, whether a claim is a preference
one or was duly probated.

2. SAME. *Same. Preference claim. Bookkeeper's salary.*

A claim for services rendered intestate as a bookkeeper for four
months, or any other time, immediately preceding his death is
not a preference claim against an insolvent estate of a decedent.

3. SAME. *Probation of claims. Code 1906, § 2106. Cancelled bank checks. Evidence.*

Cancelled bank checks, drawn in the lifetime of the decedent and
in his favor by the alleged creditor are in themselves without
probative force to establish a claim in the drawer's favor against
the estate of the payee, and are not written evidence thereof,
within Code 1906, § 2106, regulating the probation of claims
against estates of decedents. [Mayes, J., dissented.]

FROM the chancery court of Forrest county.

HON. THADDEUS A. WOOD, Chancellor.

Mrs Lehman and others, composing the partnership of A.
Lehman & Company, appellants, creditors of the estate, con-

tested the claims of Powe and E. B. George, appellees, probated against the insolvent estate of T. J. George deceased. The proceeding was based on Code 1906, § 2108, authorizing any one interested, including any creditor, to contest any claim probated against the estate of a decedent. From a decree in favor of the appellees the contestants appealed to the supreme court. The opinion of the court states the facts.

*Stevens, Stevens & Cook,* for appellants.

The appellee, Powe, is not entitled to compensation for any work done within the period beginning January 1, 1901, and ending October 11, 1903, because such work was done more than three years prior to the death of T. J. George, and the claim therefore is barred by the statute of limitation. Furthermore, the claim is feigned and fictitious. After appellants filed a contest of his claim it thereupon devolved upon Powe to establish the claim by competent evidence, regardless of the probating of the claim. That a claim has been probated in proper form amounts to nothing in aid of its validity where a contest of the claim has been made in the method prescribed by law by parties interested in the estate. *North v. Lowe,* 63 Miss. 31; *Foster v. Shaffer,* 36 South. 243; *Allen v. Hillman,* 69 Miss. 225.

Powe failed to establish his claim before the master. The evidence offered by him in such behalf was clearly incompetent. As regards the claim of Powe for $240, wages, in probating his claim Powe did not ask that the $240 or any part whatever of his claim be allowed as a preference. No reference to any preference claimed is shown of record until the master, Mr. Currie, reported to the court that Powe had asked of him that the $240 be allowed as a preference. Powe evidently made the request verbally. So far as the record shows there was no evidence taken showing why the claim should be a preferred one. Certainly no decree could be rendered by the court below allowing the claim as a preference in the absence of proof in

regard to it. We have found no law which will warrant the allowance of the claim as a preference. And in allowing it as such the court below erred. Powe was an ordinary clerk in the store of the decedent, and simply because he clerked in the store as an employe he claims a preference over other honest creditors of the decedent. It should be borne in mind that Powe has not made the claim and established it by evidence on the basis that he be allowed preference for labor performed for a short period within the year of the death of decedent. But even if he had, there is no law giving such claimant preference over other creditors of a decedent's estate. A clerk in a general mercantile business is not entitled to any priority whatever in the payment of his wages where the owner of the business has died owing him such wages and also owing general debts to other persons in no wise concerned in the operation of the business. All debts incurred by the decedent in his dealings with individuals stand in like status within the purview of the law, and hence the action of the court, with reference to this claim of Powe's, was error. 23 Am. & Eng. Ency. Law (2d ed.) 1120; *Le Holte v. Boyet,* 85 Miss. 637.

The claim of E. B. George, appellee, was not properly probated under Code 1906, § 2106. The cancelled checks were not sufficient evidence of the claim. *Cheirs v. Cheirs,* 81 Miss. 662, 33 South. 414; *Foster v. Shaffer,* 84 Miss. 197, 36 South. 243; *McWhorter v. Donald,* 39 Miss. 779. The cancelled checks disclose no liability upon the part of the estate of the deceased, and would not have been sufficient whereon to base a suit in a court of law against the deceased in his lifetime. That part of Code 1906, § 2106, consisting of the words, "the written evidence thereof," manifestly has reference to such obligations as promissory notes, bills of exchange, unpaid checks and other written promises to pay money. Had T. J. George executed the checks in question to E. B. George, instead of E. B. George's executing them to T. J. George, and had T. J. George died before the checks were honored or paid by the banks on which

they were drawn, then probably they would have met the requirements of the statute when filed for probate with the clerk of the court. But we are convinced that the checks, cancelled as they are, showing payments by the banks. but not to whom, are not sufficient of themselves to indicate that the estate of T. J. George is due anything thereon to E. B. George. *Greenburg v. Massey,* 90 Miss. 121.

*John T. Hanley* and *A. A. Hearst,* for appellees.

The only objection made by counsel for appellants to the claim of E. B. George for $600 is that the claim was not probated in accordance with the requirements of Code 1906, § 2106, in that he did not file the written evidence of the claim, if any there be, or if the claim be a judgment, a duly certified copy thereof, or if there be no written evidence thereof, an itemized account or a statement of the claim in writing signed by himself, as provided by said section.

It is not contended by appellees that the claim of E. B. George is a judgment, nor can it be contended that the claim is an open account which must be itemized and signed by claimant. E. B. George did file the written evidence of his claim, the same being the two checks referred to, and these checks constitute a sufficient written evidence of his claim to meet the requirements of Code 1906, § 2106.

All that is required by the Code section is that the claimant file some written evidence of his claim. It does not require that the claimant file conclusive evidence of his claim, nor does it pretend to require the degree of dignity to which the written evidence must attain; all that is required by the statute is some written evidence of debt.

The claim of E. B. George consists of two checks, one for $500 payable to E. B. George and drawn by Jas. W. Harper, asst. cashier of the First National Bank of Hattiesburg, Miss., on the Germania National Bank of New Orleans, and endorsed by E. B. George and T. J. George; and another check for $100

payable to T. J. George and drawn by E. B. George and endorsed by T. J. George. Both of these checks are shown on their face to have been paid by the respective banks on which they were drawn. These paid checks each amount to a receipt showing money had and received, and are sufficient written evidence of indebtedness to fulfil the requirements of the statute. In fact, so far as the record discloses, they are the only written evidence of the claim and are indeed the very instruments required to be filed by the statute referred to. Counsel for appellants do not object to the sufficiency of the evidence in proof of this claim, but say such evidence was inadmissible and that the court below erred in admitting the same because the claim was not properly probated. There is, therefore, no objection to the sufficiency of the proof of the claim. The testimony of the appellee Powe and others sufficiently establishes the indebtedness, and both witnesses state that these checks represent a cash loan of money by E. B. George to T. J. George, deceased.

The evidence in support of this claim of E. B. George is overwhelming and shows conclusively that the claim is for money loaned by the said appellee to T. J. George, and that the claim was just and was filed in good faith. We insist that the probate is sufficient under the statute, and the claim was properly allowed by the court below and ought to be allowed on this appeal.

As to the claim of appellee A. T. Powe against the estate of T. J. George, deceased, we call attention to the fact that appellants made no objection to the probating of the claim of A. T. Powe but directed their objections to the proof of the claim and the action of the court below in allowing the same. In answer to the objection of appellants that this claim is barred by limitation we say that the said appellee had a right to, and did apply the items as payment as shown on his account, first to the payment of the said balance of $152.50 and applied the balance of the payments to the first month of his salary, beginning Jan. 1, 1901, and to each successive month's

salary thereafter until all of these payments had been thus applied, and the result of this application is that all of the months' salary which appear to have been barred have been fully paid, and the balance for which the claim is propounded is for salary which is not barred by the statute of limitations.

We insist that Powe had a right to apply the payments to the oldest items on his account, and he was warranted by the law in doing so. We cannot state the rule of the application of the payments more clearly than is stated by the auditors, in their report to the court below, which is in part in the following language: "As to the claim of A. T. Powe for a balance of $1,329.58 for services rendered, we find that the items of the account are sustained by the proof, and further that, while certain items of credit appear to be barred by the statute of limitations, yet by the rule of application of payments to the oldest item of debt, a sum considerably larger than the balance claimed is not barred by the statute of limitations, and we therefore recommend that said claim be allowed in full." This is a clear statement of the rule, and is sustained by our own supreme court in the case of *Fletcher v. Gillan,* 62 Miss. 8. We feel warranted, therefore, in saying that no part of this claim is barred by the statute of limitations and counsel for appellants have assumed an untenable contention on this point.

The next objection of appellants to the claim of Powe is that the same is feigned and fictitious and that this objection placed the burden on Powe to prove his claim and that he has failed to do so.

In answer to this objection we direct the attention of the court to the testimony of E. B. George in support of the claim of Powe, taken at the hearing before the auditors. E. B. George there testified in substance that he clerked in the store of his father T. J. George all of the year 1901, and all of the year 1902, and that since that time he had been in his father's store practically every working day until his father's death, and that the claimant Powe worked there in his father's store, and for

his father, continuously from Jan. 1, 1901, up to the date of his father's death in Oct. 11, 1906, and that the salary of Powe was $60 per month during the whole time, and that his father and Powe had never had a settlement and that his father had never paid Powe anything on salary account except the items shown on Powe's account; and that this account was a correct statement as taken from the books of the items charged. This evidence of E. B. George is uncontradicted and must be taken as true, and we submit that it abundantly establishes the correctness of the claim of Powe and is a complete answer to this objection of counsel for appellants.

The next objection to the claim of Powe by appellants concerns the allowance of the item of $240 as a preference. Counsel for appellants maintain that the court below allowed this item as a preference acting of its own motion. In answer to this we say that the report of the master, N. T. Currie, shows that Powe asked before him that this item of his claim be allowed as a preferred claim. We do not know by what pleading or in what manner he asked that this part of his claim be considered a preference claim; though we presume that the request was made in the proper way, otherwise neither the master or the court below would have considered the request, and moreover counsel for appellants made no objection to the manner in which the request was made.

We submit that the allowance of that part of the claim as a preference was a question of law and fact to be determined by the court below, and we must presume that the court in allowing the same acted upon sufficient evidence heard before it to warrant its allowance of the same. We submit that we have answered satisfactorily all objections of appellants to the claim of E. B. George for $600 and to the claim of A. T. Powe for $1,329.58, and to the allowance of $240 thereof as a preferred claim, and respectfully submit that the court below was correct in allowing the said claims and that its action should be affirmed by this court.

SMITH, J., delivered the opinion of the court.

In due course of the administration of the estate of T. J. George, deceased, in the chancery court of Forrest county, the same was declared insolvent. The administrator was ordered to cause a notice to be published directing the creditors who had probated their claims to file same with the clerk of that court on or before Monday, the 13th day of January, 1908, and notifying them that said claims would be examined and objections thereto heard by N. T. Curry, master in chancery, at the court-house in the city of Hattiesburg, on Monday, the 20th day of January, A. D. 1908. On the day appointed the master proceeded to examine and approve the claims filed with the clerk, including the claims of all parties hereto, and in due course reported his action to the chancery court. No objection was made to the claims of appellees before the master; but on the coming in of his report exceptions were filed in the chancery court by appellees, whereupon, by order of said court, the same were referred to two auditors, with directions to hear and determine said exceptions and report their findings, together with the evidence heard by them, to the court. After hearing the evidence, they reported to the court, recommending that these claims be allowed, and there was a decree in accordance with such recommendation, and from it this appeal is taken.

It is insisted by appellees that appellants cannot now be heard to object to the allowance of their claim, for the reason that they (appellants) failed to appear before the master and object thereto. Where a matter has been referred by a chancery court to a master, the rule is that, in order to lay the foundation for the presentation of exceptions as to all matters depending on proof and confided to the judgment of the master, the party must make an objection before the master, so that he may have an opportunity to correct his ruling; but as to all matters of law apparent on the record such objection is not necessary. 16 Cyc. 448; *Davis v. Foley,* Walk. 43; *Fowler v. Payne,* 52 Miss. 210. All objections, therefore, to the claims

of appellants, except those of law appearing on the record, were waived by reason of not having been made before the master.

The claim of A. T. Powe was excepted to on two grounds: First, because it is barred by the statute of limitations; second, because it is feigned and fictitious. Both of the exceptions relate to matters depending on proof, which were confided to the judgment of the master, and under the rule above announced cannot now be considered. But, even if this were not true, the claim was allowed by auditors on proof, and their report approved by the court. We think this action of the court was correct. Certainly we cannot say that it was manifest error. The decree of the court, however, allowed $240 of the amount found to be due Powe as a preferred claim, and directed this amount be paid him in full, same being his wages as bookkeeper for the deceased, at $60 per month, for the four months immediately preceding the death of deceased. This exception presents a matter of law appearing on the record, and is, therefore, open for review. The master's report with reference to this preference is as follows: "Your master reports further on this claim that the same is asked to be allowed as a preference claim to the amount of $240, wages for four months at $60 per month; and, being unable to find authority of law for allowing such part of said claim as a preference, your master respectfully refers the question of preferring said claim, to such amount, to your honor." Like him, we have not found or been referred to any law which would warrant this preference. Its allowance, therefore, was error. Powe was simply a general creditor of the estate, with no greater rights than the other general creditors.

Coming, now, to the claim of E. B. George, we find that it is objected to on two grounds—that it is feigned and fictitious, and that same was not probated in the manner required by law. The last objection presents an error of law appearing on the record, and is open for review. This claim is for $600, and the probate consisted in presenting to the clerk two canceled,

checks, with the affidavit required by section 2106 of the Code of 1906, attached thereto. These checks, with the indorsements thereon, are as follows:

"Hattiesburg, Miss., Sept. 22nd, 1906.  No. ———.  Hattiesburg Trust & Banking Company: . Pay to the order of T. J. George $100.00, One Hundred Dollars and no/100 Dollars.  E. B. George."

"No. 5,250.  The First National Bank.  United States Depository.  Hattiesburg, Miss., March 21, 1905.  Pay to the order of E. B. George $500.00, Five Hundred and no/100 Dollars.  To Germania National Bank, New Orleans, La. James W. Harper, Asst. Cashier."

Both of the foregoing instruments are marked "Paid."  The following indorsements appear on the back of these two instruments: On the first: "T. J. George."  "A. T. Powe."  On the second, or $500 draft: "E. B. George."  "T. J. George." "For deposit.  B. Resenberg & Sons.  Through N. O. Clearing House.  Indorsements guaranteed.  March 22, 1905.  '2' Hibernia Bank & Trust Co."

Code 1906, § 2106 provides: "Any person desiring to probate his claim shall present to the clerk the written evidence thereof, if any, or, if the claim be a judgment or a decree, a duly certified copy thereof, or if there be no written evidence thereof, an itemized account, or a statement of the claim in writing, signed by the creditor," etc.

It is not contended by counsel for appellee that these checks constitute an itemized account or statement of the claim in writing signed by the creditors; but the contention is that they constitute the written evidence of the claim.  It becomes necessary, therefore, to determine what is meant by "written evidence" of the claim.  Does it mean any or every writing relating to the claim, or does it mean such a writing on it as shows by its terms that a liability exists on the part of the estate? One of the objects of the statute in requiring claims to be probated, allowed, and registered is that the administrator and all

other parties concerned may ascertain what debts are claimed to be due by the estate, and act intelligently in determining whether the same are just and should be paid, or whether the same should be contested. The statute also clearly contemplates that, in presenting claims against the estate of a decedent, the evidence or statement of same probated must on its face show a *prima facie* right in the claimant to recover from the estate the amount claimed, and that it must disclose the nature and amount of the claim with sufficient precision to bar, when paid, an action therefor.

These canceled checks disclose no liability at all on the part of the estate to any one. In fact, they showed no liability from any person to another, and could not have been used as a foundation for a suit in any court. They could have been used, it is true, as evidence in a suit for money loaned, if in fact they related to such a transaction, but only as one link in the evidence necessary to maintain such a suit. Their mere introduction in evidence in such a suit, unaided by other evidence, would not have proven anything. The words "written evidence," as used in the statute, clearly mean such a writing as by its terms or on its face evidences the fact that a liability exists on the part of the estate in favor of the claimant. Code 1906, § 2106, is mandatory, and, unless it has been complied with, the administrator, under Code 1906, § 2105, has no authority to pay the claim; nor has the court power to order him so to do, unless Code 1906, § 2106, has been complied with. The allowance of this claim was error.

In some of the states, probably in most of them, the statute does not require that claims shall be presented for probate in any particular form; but where the statute does so require, as is the case with us, it must be complied with. 8 Am. & Eng. Ency. of Law (2d ed.) p. 1074.

It follows, therefore, that the decree of the lower court is affirmed, except as to the allowance of $240 to A. T. Powe as a preference, and as to the allowance of the claim of E. B. George

for $600.   As to these two items, the decree is reversed, and
the cause remanded.

*Reversed.*

MAYES, J., delivered the following dissenting opinion.

On the 15th of October, 1906, a petition was filed in the chan-
cery court of Forrest county, alleging the death of T. J. George
on the 11th day of the month, and praying for the appointment
of an administrator.  After hearing the petition one A. T. Powe
was appointed administrator; the appointment being made on
the same day that the petition was filed.  On the 9th day of
October, 1907, E. B. George probated his claim for $600.  The
opinion in chief literally reproduces the claim · filed by
E. B. George, and I shall not incumber this dissent with a re-
production of it.  By an examination of this claim, it will be
seen that it consists of two paid checks, one for $100, and an-
other for $500, and to these two paid checks is attached the
affidavit of E. B. George, in literal compliance with the re-
quirement of Code 1906, § 2106.  It is manifest from the rec-
ord that this is the only evidence in writing that E. B. George
has of the indebtedness to him by the estate.  He made no ac-
count of it in any other way.  No notice seems to have been
published for the probation of claims until the order made by
the chancellor on the 11th day of December, 1907, after which
the claim in question was reprobated and allowed on the 26th
of December, 1907.

On the 6th day of December, 1907, a petition was filed by
the administrator, praying that the estate of T. J. George be
declared insolvent, which was accordingly done on the 11th day
of December, 1907, the same day that the court ordered the ad-
ministrator to publish notice to creditors to probate their claims.
In this same decree the chancellor appointed as master N. T.
Curry "to examine and hear objections to all claims probated
against the estate, which claims shall be filed with the chancery
clerk, and the examination and hearing of same shall take place

at the courthouse in the city of Hattiesburg on Monday, the 20th day of January, 1908, and the master shall report his findings to the chancellor in vacation." On the 9th day of June, 1908, N. T. Curry, the master appointed on December 11, 1907, made his report to the court, allowing the above claim of E. B. George, and showing that at the hearing fixed by the court to take place on the 20th of January, 1908, no objections were filed by any one to the allowance of the above claim for any reason. On the 10th day of June, 1908, certain creditors for the first time filed their objections to the allowance of this claim, specifying, first, "that the proof of the claim is insufficient in law, because E. B. George failed to present to the clerk written evidence thereof, or an itemized account or statement of the claim in writing, signed by E. B. George," etc; and, secondly, "that the said claim is feigned and fictitious." George answered, denying that the claim was feigned or fictitious, and alleging that, since the objectors had failed to present any objection to the claim, for either of the reasons specified, when the question was being heard by the master by the order of the court on the 20th day of January, 1908, they could not now be heard to object, after the master had fully examined and allowed the claim, without any objection being entered. The chancellor proceeded to hear the objections, and on the application of the objecting creditors referred the matter to two auditors appointed by the court to hear and determine the controversy, and the decree making the reference designated the 2d Monday of July, 1908, as the date for the hearing before the auditor. On the 17th day of December, 1908, the auditors made a report to the court, sustaining the sufficiency both in law and fact of the probated claim of E. B. George, and allowed same. The undisputed proof shows that the above amounts were loaned to T. J. George by E. B. George, and that the above is all the written evidence of the claim that E. B. George has, or ever had. In short, the debt is placed by the proof beyond question, and the solitary question presented by this record is

whether or not E. B. George complied with the requirements of Code 1906, § 2106, as to the probation of the claim. The chancellor sustained the action of the auditors in overruling the exceptions and allowed the claim, and from this judgment this appeal is prosecuted.

There is another question in the case involving a preference, but, since I am in accord with the majority opinion in this, I make no further mention of it.

So precise and literal is the construction placed on Code 1906, § 2106, in the opinion in chief that it holds that, because E. B. George did not actually make out an open account against the estate of T. J. George for $600 and attach the affidavit to that, the probation is void. What E. B. George did do was substantially this, and he gave the administrator all notice that was necessary in order to enable him to be informed of the nature of the claim and to enable him to contest it, if he so desired; and this is all that the statute, in my judgment, ever intended to accomplish. Statutes are not designed as snares to trap persons unskilled in the law, defeating them of just and honest rights. A construction of a statute which leads to this result is very much to be deplored. The construction given this statute by the majority is, in my judgment, not only unwarranted by its language, but is a sacrifice of justice to useless literalness. The section provides that: "Any person desiring to probate his claim shall present to the clerk the written evidence thereof, if any, or if the claim be a judgment or decree, a duly certified copy thereof, or if there be no written evidence thereof, an itemized account, or statement of the claim in writing, signed by the creditor," etc. In so far as it was possible, E. B. George literally complied with this statute. He propounded to the clerk all the "written evidence" of the claim that he had, and made the only "statement of the claim in writing" that it was possible to make, unless, instead of filing the cancelled checks, he had made an account to read "T. J. George, Dr., to E. B. George, $600.00 in open account."

In 18 Cyclopædia Law, 480, a clear and conservative rule is laid down. It is there held that: "In stating a claim no fixed form is ordinarily required, nor is the technical accuracy and certainty of description which is essential in pleading necessary. All that is necessary, as a general rule, is that the statement shall give to the personal representative notice of a claim against the estate, for payment of which the creditor looks to the estate; that the statement shall be so clear and unambiguous as to distinguish the claim with reasonable certainty from all other similar claims; and that it shall give to the personal representative such information concerning the nature and amount of the demand as to enable him to act intelligently in providing for its payment or in rejecting it." In the case of *Borum v. Bell,* 132 Ala. 85, 31 South. 454, the court said: "The claim, it must be admitted, is very indefinite in description; but technical accuracy or the certainty of description essential in pleading, is not required. Claims against estates are often made out and presented by unskilled persons, and generally no more is required than to inform the personal representative, on an inspection of it, of the nature, character, and amount of the claim, and must distinguish it with reasonable certainty from all other similar claims. *Floyd v. Clayton,* 67 Ala. 265; *Parker v. Bank,* 121 Ala. 517, 25 South. 1001. The presentation 'need not be in any particular form, provided that it be sufficiently definite to notify the administrator of its character and amount, and enable him to make provision for its payment.' 5 Am. & Eng. Law. 217." The same thing is held in the case of *Henderson v. Ilsley,* 11 Smed. & M. 9, 49 Am. Dec. 41.

The opinion in chief assigns as the reason for rejecting the claim of E. B. George, as insufficient in law, because "the canceled checks disclose no liability at all on the part of the estate to any one. In fact, they showed no liability from any person to another." The effect of what E. B. George did was as if he had filed an open account. It carried out the intent of the statute, and fully informed the administrator of the claim of E. B.

George and its character. The method selected was more complete in its information than would have been the filing of an open account; for the administrator was not only informed of the amount, but he was also informed as to the exact way in which it arose. A mere open account, without affidavit attached, furnishes no more evidence of indebtedness in itself than would the paid check. No case that I have been able to find or that is cited in the opinion in chief sustains the conclusions reached therein. The construction of the statute in the main opinion carries with it a literalness that is sacrificial to the rights of men of ordinary intelligence and precaution.