WILSON *et al. v.* YANDELL *et al.*

(Division A. Feb. 3, 1936.)

[165 So. 430. No. 31753.]

**Alfred Stoner** and **W. H. Montjoy,** both of Greenwood, for appellants.

716

H. Talbot Odom, of Greenwood, and Ceylon B. Frazer, of Memphis, Tenn., for appellees.

718

Argued orally by **W. H. Montjoy** and **Alfred Stoner,** for appellant, and by **H. Talbot Odom** and **Ceylon B. Frazer,** for appellee.

**Cook, J.,** delivered the opinion of the court.

Appellees, Mrs. N. W. Yandell and Miss Anne Yandell, daughter and granddaughter, respectively, of G. A. Wilson, deceased, filed for probate against the estate of the said deceased, four promissory notes for the sum of eight thousand six hundred sixty-seven dollars and sixty-seven cents, each signed by E. L. Parker and E. L. Parker, Jr.,

payable to G. A. Wilson or bearer, on or before January 1, 1933, 1934, 1935, and 1936, respectively. These notes were not indorsed by G. A. Wilson, and on the back thereof were notations of payments of all interest due up to January 1, 1929. The notes were probated and allowed by the clerk for the sum of thirty thousand dollars and one cent.

Subsequent to the filing and probating of the notes, the executors of the said estate filed a contest thereof, and moved that claimants be required to furnish a bill of particulars relative thereto. In response to this motion, the claimants, appellees herein, filed an answer asserting the validity of the claim, and also filed a bill of particulars, setting forth at length and in great detail the basis of the alleged liability of the said estate. The bill of particulars averred, in substance, that prior to his death, and on or about the 10th day of December, 1919, G. A. Wilson delivered to the Wilson Banking Company, of Greenwood, Mississippi, as trustee for Mrs. Nellie Wilson Yandell and Miss Anne Yandell, his daughter and granddaughter, respectively, promissory notes signed by E. L. Parker and E. L. Parker, Jr., in the aggregate face value of thirty thousand dollars, which notes bore interest from date, and were part of a series executed by the same makers, payable one on January 1, 1920, and one on the 1st day of January of each year thereafter until all had become due, and which were secured by a deed of trust on lands in Sunflower county; that in the year 1922 the unpaid balance of the indebtedness represented by this series of notes was recast and divided into installments, evidenced by fifteen equal promissory notes for eight thousand six hundred sixty-seven dollars and sixty-seven cents, the first one being due and payable on January 1, 1923, and one on the 1st of January in each year thereafter until all became due and payable.

It was further averred that, of the revamped and recast notes, a sufficient number to represent thirty thou-

sand dollars in face and principal amount were delivered to the Wilson Banking Company to be held by it, impressed with a trust in favor of claimants in the amount of thirty thousand dollars, the amount of the original alleged gift to them; that said series of notes was secured by a first mortgage or deed of trust on approximately one thousand two hundred fifty acres of Delta farm lands in Sunflower county, Mississippi; that the delivery of said notes to the said bank, for the use and benefit of appellees, operated as, and constituted, a proportionate assignment to them of said mortgage or deed of trust securing said notes; and that upon such delivery the said claimants became and were the owners of a proportionate part of said security.

It was further averred that, notwithstanding the delivery of said promissory notes, and notwithstanding the fact that the equitable and beneficial title of said notes, with their collateral security, was in the claimants, the said G. A. Wilson, without the knowledge and consent of the claimants, waived the priority and lien of the mortgage or deed of trust securing the series of notes, including those owned by and held for the use and benefit of claimants, and made said mortgage or deed of trust second and subordinate to two deeds of trust executed by E. L. Parker and E. L. Parker, Jr., one in favor of the Federal Land Bank of New Orleans, to secure a loan of twenty thousand dollars, and one in favor of the Joint Stock Land Bank of Mississippi, securing a further loan of twenty thousand dollars.

It was further averred that each of the said loans for twenty thousand dollars to the Parkers was made without the knowledge, consent, or acquiescence of the claimants; that the execution of said waivers and the abrogation and nullification of the first lien securing the notes held by them was not authorized by them; that neither of them received any part of either loan of twenty thousand dollars, and that no part of the notes owned by, or im-

pressed with a trust in favor of, the claimants was paid or satisfied from the proceeds of said loans.

It was further averred that, as a result of the execution of the said waivers and the subsequent default of the mortgagors in the payment of the sums becoming due and secured by the deeds of trust for twenty thousand dollars, they were both foreclosed and the property securing the same was sold at and for the amounts secured thereby; and that, by reason of the sale of said property and the insolvency and bankruptcy of E. L. Parker, Jr., and the estate of E. L. Parker, now deceased, the claimants were, and will be, unable to collect any part of the said indebtedness evidenced by the notes owned by them, or held for their use and benefit, all of which, with interest from January 1, 1930, were then past due and unpaid.

It was further averred that the said G. A. Wilson at all times regarded the obligation of the said notes as his own; that he repeatedly told the claimants that, in the event the said E. L. Parker and E. L. Parker, Jr., failed to pay said notes and interest thereon at maturity, he (the said Wilson) was bound therefor and would pay the same, and that he recognized his obligation in this respect by the manner in which he dealt with the notes; that is to say, payment out of his own funds of interest on said notes when the same became due and were unpaid by the makers thereof, the execution of the said waivers without the knowledge and consent or acquiescence of the claimants, and his dealings throughout with the said notes and security throughout as though they were his own personal property.

It was further averred that the claimants were entitled to recover from the estate of G. A. Wilson, deceased, the amount that was realized from the said two loans of twenty thousand dollars each, to the extent of thirty thousand dollars and accrued interest, together with ten per cent attorney's fees as provided in the original notes;

the amount derived from the said loans having been diverted by the said Wilson to purposes other than the payment or part payment of the notes held by the claimants. The prayer of the answer and bill of particulars was that the contest of the probated claim be dismissed; that the executors of the estate be ordered to pay such probated claim and interest thereon, together with ten per cent attorney's fees as provided in the original probated notes, or that claimants be given a decree against said estate for their proportionate part of the proceeds of the two twenty thousand dollar loans, which should have been applied to the payment of the said thirty thousand dollars and interest and attorney's fees.

The executors filed a motion to strike the claimants' answer and bill of particulars on many grounds, one of which was that the answer and bill of particulars were inconsistent with, and contrary to, the original probated claim and attempted to set up and assert new and distinct liabilities against the estate. This motion was overruled; and thereupon the executors filed an answer, and the contest was heard upon proof tending to support the averments of the bill of particulars; and the cause proceeded throughout on the theory that the status of trustee and cestuis que trustent existed between the said G. A. Wilson and the claimants, and that the claimants should therefore be awarded a decree for a proportionate part of the proceeds of the two twenty thousand dollar loans, which should have been applied ratably and equitably to the payment of the notes held by the Wilson Banking Company, as trustee for the use and benefit of claimants. At the conclusion of the hearing of the contest, the court granted a decree allowing said claim to the extent of twelve thousand seven hundred eighty-two dollars and sixty-two cents, with interest from the date of the probation of the notes; and from this decree the executors prosecuted this appeal.

The probated notes do not show, or remotely suggest,

any liability against the estate of G. A. Wilson. On the contrary, on their face, they show a prima facie liability of the makers to the estate of the deceased. In the case of Lehman v. Powe, 95 Miss. 446, 49 So. 622, 623, which was quoted from and approved in the recent case of First Columbus National Bank v. Holesapple-Dillman (Miss.), 164 So. 232, the court said: "One of the objects of the statute in requiring claims to be probated, allowed, and registered is that the administrator and all other parties concerned may ascertain what debts are claimed to be due by the estate, and act intelligently in determining whether the same are just and should be paid, or whether the same should be contested. The statute also clearly contemplates that, in presenting claims against the estate of a decedent, the evidence or statement of same probated must on its face show a prima facie right in the claimant to recover from the estate the amount claimed, and that it must disclose the nature and amount of the claim with sufficient precision to bar, when paid, an action therefor. . . . The words 'written evidence,' as used in the statute, clearly mean such a writing as by its terms or on its face evidences the fact that a liability exists on the part of the estate in favor of the claimant. Section 2106 [Code 1906 (the same in this particular as section 1671, Code of 1930)], is mandatory, and, unless it has been complied with, the administrator, under section 2105 [Code 1906], has no authority to pay the claim; nor has the court power to order him so to do, unless [Code 1906] section 2106, has been complied with."

In the case of First Columbus National Bank v. Holesapple-Dillman, supra, the court, applying the principles announced in Lehman v. Powe, supra, held that a claim should be disallowed where the claim as probated is wholly at variance with the evidence presented to sustain the claim. In that case, in response to a motion of the executors, a bill of particulars of the claim was filed, the averments of which were in line with the evidence offered

at the hearing of the contest to sustain the claim. In the suggestion of error in that case, it was strenuously urged that the claim, as originally filed, was a substantial compliance with the statute, and was a sufficient itemization for money had and received; and that, in any event, the court failed to give sufficient force and effect to the bill of particulars, which, it was alleged, in effect, amended the probated claim and fully set forth the nature of the claim sought to be established. After full consideration of the points raised by this suggestion of error, it was overruled on January 6, 1936; and that case is controlling here.

Applying the rule announced in Lehman v. Powe, supra, that the statute, section 1671, Code 1930, requires that, in presenting claims against the estate of a decedent, the evidence or statement of same probated must on its face show a prima facie right in the claimant to recover from the estate the amount claimed, and that "the words 'written evidence,' as used in the statute, clearly mean such a writing as by its terms or on its face evidences the fact that a liability exists on the part of the estate in favor of the claimant," it appears clear to us that the notes probated in the case at bar should be disallowed. They do not on their face evidence any existing liability whatever on the part of the decedent's estate, and the attempted probation of an alleged claim cannot, after the expiration of the time within which claims may be probated, be amended by a bill of particulars setting forth and asserting a claim of liability which is inconsistent with, or separate and distinct from, that evidenced by the original claim probated, as was sought to be done in this case. The claim herein attempted to be probated will therefore be disallowed, and a decree will be entered here accordingly.

Reversed, and decree here for appellants.