NICHOLSON et al. v. DENT, ROBINSON & WARD.

(In Banc. Nov. 11, 1940.)

[198 So. 552. No. 34290.]

**Dabney & Dabney,** of Vicksburg, for appellants.

**Dent, Robinson & Ward,** of Vicksburg, for appellees.

**McGehee, J.,** delivered the opinion of the court.

This appeal is from a decree of the chancery court allowing and directing the payment of a contested claim in the sum of $200 against the estate of Miss Inez O. Lum, deceased, which had been duly probated, registered and allowed for professional services rendered to the said Miss Lum during her lifetime by the law firm of Dent, Robinson & Ward, appellee.

Upon the hearing the appellee introduced as its only competent evidence to establish the claim the testimony of Julius Fohs, a former employee of the deceased, and Miss Bessie Davis, stenographer of the said law firm. Fohs testified, in substance, that he went with his said employer, about a year prior to her death, on two or three occasions to the office of the appellee, where, in each instance, according to his information, she had a conference with a member of the law firm in regard to her undivided interest in the Washington Hotel at Vicksburg, on which she was having trouble regarding the collection of her share of the rents, and the sale of which hotel property under partition proceedings she then had in contemplation; and was also having some business dealings with a Dr. Martin, in connection with which certain papers were being drawn by said attorneys but which latter services were fully compensated for by Dr. Martin, as is elsewhere disclosed by the record. The stenographer, Miss Davis, testified on behalf of the appellee that Miss Lum first started coming to the law office prior to 1935, left some papers there on one occasion, and had at least two dozen conferences with a member of the firm, but she did not learn what was discussed in the conferences, other than the Dr. Martin transaction. No papers were ever prepared by appellee in connection with the proposed partition sale of the Washington Hotel, if such a proceeding was ever instituted or conducted, and there was no proof of any legal services other than in the conferences mentioned by this witness, and those paid for by Dr. Martin as aforesaid. Although the stenographer testified that the law firm sometimes mailed out bills for legal services to their clients, it was not shown that any fixed charge or other memorandum was ever entered regarding the number and dates of the conferences referred to, or that any bill for such services was ever rendered to Miss Lum prior to her death in 1937, so as to establish the correctness of the claim by silence or acquiescence on her part.

It was held in the cases of North, Adm'r, v. Lowe, 63 Miss. 31, and Tarver v. Lindsey, 161 Miss. 379, 137 So. 93, that a claim against the estate of a decedent, although duly probated and registered, must be established by clear and reasonably positive evidence, if objected to by the administrator. Such a claim may likewise be objected to by any legatee, heir, or any creditor, and contested by such party in interest, under the authority of Section 1678, Code of 1930; the contest in the case at bar being by two of the heirs at law. Moreover, it is necessary under the law that the claim for compensation for the legal advice given during the conferences mentioned in the case at bar should be based on contract, express or implied. Bell v. Oates, 97 Miss. 790, 53 So. 491.

No such contract or agreement having been shown whereby Miss Lum was to pay any specific amount of compensation for the services rendered, the estate could be required to pay only such fees therefor as should be found reasonable. No testimony was taken on that issue, and, under our view of the case, the claimant failed to meet the burden of showing either the nature, character or extent of the services rendered, so as to enable the chancellor to fix a reasonable allowance, since it does not appear, except by conjecture, as to what particular matters were considered in the several conferences, so far as the competent evidence is concerned. And, to paraphrase the language of the Court in the case of King et al. v. Stauddy's Estate et al., 149 Miss. 222, 115 So. 427, the claimant was required under the law to establish the claim by a preponderance of the evidence. This the claimant failed to do. Taking the view of the evidence most favorable to the appellee, it showed no more than that Miss Lum was indebted to the claimant law firm in some amount. As to what amount, the evidence left wholly vague and indefinite. The difficulty in making the necessary proof because of the incompetency of the members of the claimant law firm to testify against the estate of the deceased does not dispense with the neces-

sity therefor. On the evidence offered, the chancellor was not authorized to render a decree for appellee fixing the amount of the compensation due for such services as may have been rendered.

But in view of the fact that the evidence tends to show that the claimant is entitled to some compensation for the conferences held with Miss Lum, pertaining to her business affairs, we have concluded to reverse and remand the case for the fixation of a reasonable fee in the event the nature, extent and value of the legal services rendered can be established with reasonable certainty by competent evidence, without regard to the supporting affidavit of the claimant attached to the probated claim.

Reversed and Remanded.