WOOLEY *v.* WOOLEY.

(Division A. April 5, 1943.)

[10 So. (2d) 539. No. 35255.]

752

For former opinion, see 11 So. (2d) 900.

**Thos. H. Johnston**, of Corinth, for appellant, on suggestion of error.

G. C. Moreland and **W. C. Sweat**, both of Corinth, for appellee, on suggestion of error.

**Roberds, J.**, delivered the opinion of the court on suggestion of error.

This is an appeal by an administratrix from a decree of the chancery court overruling her contest of certain claims in favor of appellee which had been probated against the estate and adjudicating them to be obligations of the estate.

The initial opinion herein stated that this case involves only questions of fact, and that, in the last analysis, is correct, but it is suggested that in determining the facts the chancellor gave undue legal effect and evidentiary weight to the fact that the claims had been admitted to probate. And that is also correct, because the chancellor, in his opinion, said: "Now the law as I understand it, for the probation of claims, is prima facie of its correctness and under these circumstances, the Court is bound to hold that the testimony of the Objectors is insufficient together with that of the Claimants and that presumption will overthrow the claim." That is a misconception of the effect of a probated claim. In North v. Lowe, 63 Miss. 31, Judge Campbell said "The fact that the accounts had been probated and registered amounted to nothing, and proof of their correctness was necessary." That case was cited and the announcement approved in Nicholson v. Dent, Robinson and Ward, 189 Miss. 658, 198 So. 552, 554, where it was further said "that a claim against the estate of a decedent, although duly probated and registered, must be established by clear and reasonably positive evidence, if objected to by the administrator." In Poyner v. Gilmore, 171 Miss. 859, 158 So. 922, 923, the court held: "Whenever a claim against the estate of a decedent, to which an affidavit in accordance with section 1671, Code 1930, is attached, is presented to the clerk for probate, all he has to do is to compare the affidavit with the form prescribed therefor by the statute, and, if it complies therewith, it then becomes his mandatory duty to admit it to probate, evidencing that fact by the ministerial action of attaching his certificates thereto in the form provided by the statute, . . . ." The burden of establishing a claim, if contested, is upon the claimant although the claim has been admitted to probate by the clerk. The extent of the influence of this misconception in bringing the chancellor to the conclusion he did reach we cannot know, but it is clear from the above quotation from his opinion that it was considerable.

But appellee says that without that element no other conclusion could have been reached under the proof herein. Considering the relation of the parties, the nature and probative value of, and the conflicts in, the evidence, we cannot bring ourselves to agree to that contention, and we cannot say that without that element the chancellor would have reached the same or a different conclusion.

The record discloses that on the hearing below the administratrix proceeded first with her testimony contesting the claims, and appellee says that she thereby assumed the burden of proof and adopted the legal effect of a probated claim announced in the chancellor's opinion, and she is estopped to take a different position here, citing Williams v. Lumpkin, 169 Miss. 146, 152 So. 842, and other cases, to the effect that a litigant will not be permitted to adopt here a theory contrary to the one adopted and relied upon in the lower court. The record does not disclose why the administratrix pursued this course, nor whether it was voluntary or at the suggestion of the court. But aside from whether the rule would apply to a proceeding of this kind, or bind an administratrix, who is the representative of the estate, the heirs and creditors (who themselves have the right to contest probated claims), which we do not decide, we do not think the rule applies and extends to the question under consideration—that is, the effect and weight the court erroneously attached to the mere fact the claims had been admitted to probate. It is not shown that appellant was responsible for this error.

The former opinion and judgment rendered and entered herein will be withdrawn and set aside and this opinion and a judgment in accordance herewith substituted therefor.

Reversed and remanded.