404 So.2d 550 (1981)
ESTATE OF Greta Meadow McKELLAR, Deceased, by Alfred E. Corey, Successor Administrator
v.
Med Scott BROWN.
No. 52919.
Supreme Court of Mississippi.
October 14, 1981.
*551 Alfred E. Corey, Meridian, for appellant.
Betty Long, Meridian, for appellee.
Before PATTERSON, SUGG and LEE, JJ.
LEE, Justice, for the Court:
The estate of Greta Meador McKellar has appealed from a judgment of the Chancery Court of Lauderdale County, Honorable Howard R. Pigford presiding, allowing a probated claim in favor of Dr. Med Scott Brown in the sum of $11,000. The estate has assigned three errors in the trial below. We affirm.
Prior to the death of Greta Meador McKellar on March 31, 1979, appellee made and delivered unto Mrs. McKellar her personal check in the sum of $11,000, as a loan. Mrs. McKellar entered into an oral agreement with appellee wherein she agreed to execute a will in which she would devise certain lake-house property to appellee in repayment of the loan. On August 23, 1977, she made an effort to comply with the agreement and wrote out a holographic will containing the following:
To the kindest and most understanding person I have ever known, Dr. Med Scott Brown, I leave my lake property and house at Dalewood Lake.
After Mrs. McKellar's death, the instrument was filed for probate but it was later found to be insufficient as a matter of law.[1] An administrator of the estate was appointed, notice to creditors was published and, within the time provided by law, appellee probated her claim for the $11,000. She filed an affidavit setting out the oral contract of Mrs. McKellar to repay the $11,000 loan by executing a will devising the lake property to her.

I.

Did the Chancellor commit error by admitting evidence in support of the appellee's probated claim when that evidence had not been attached as exhibits to the claim?
The administrator contested the claim and denied having any knowledge of the indebtedness, or the agreement between decedent and appellee. The contested claim, and evidence in support thereof, were presented to the chancellor. In the course of the trial, appellee introduced two exhibits, which had not been attached to the claim itself, viz, appellee's check in the sum of $11,000 payable to Mrs. McKellar and the document purporting to be the unsubscribed holographic will of Mrs. McKellar. Appellant contends that it was error for the court to admit these exhibits in evidence, since they had not been attached to the claim.
Mississippi Code Annotated section 91-7-149 (1972) provides in part as follows:
Any person desiring to probate his claim shall present to the clerk the written evidence thereof, if any, ... or if *552 there be no written evidence thereof, an itemized account or a statement of the claim in writing, signed by the creditor, and make affidavit, to be attached thereto, ...
The claim of appellee is based upon an oral contract and not upon any written agreement or instrument. In Wilson v. Yandell, 174 Miss. 713, 165 So. 430 (1936), the Court said:
Applying the rule announced in Lehman v. Powe, [95 Miss. 446, 49 So. 622] supra, that the statute, section 1671, Code 1930, requires that, in presenting claims against the estate of a decedent, the evidence or statement of same probated must on its face show a prima facie right in the claimant to recover from the estate the amount claimed, and that "the words `written evidence,' as used in the statute, clearly mean such a writing as by its terms or on its face evidences the fact that a liability exists on the part of the estate in favor of the claimant," ... . (174 Miss. at 724, 165 So. at 433)
In our opinion, the check and the will do not constitute such written evidence which requires them to be filed along with the claim. Where the requirement of the statute has been met, as here, appellee has the right, on a contest, to introduce evidence in support of her claim. Ellis v. Berry, 145 Miss. 652, 110 So. 211 (1926); Nicholson v. Dent, Robinson & Ward, 189 Miss. 658, 198 So. 552 (1940); Estate of Wilson v. National Bank of Commerce, 364 So.2d 1117 (Miss. 1978).
Page on Wills, section 10.47 at page 541 (1960), states: "[T]he fact that a promissor made a will in attempted performance of a contract to make a will is admissible in evidence as tending to prove such contract. This is true although the will is of no effect because it was not properly executed." There is no merit in this assignment.

II.

Did the chancellor err in failing to sustain the appellant's affirmative defense based upon the statute of limitations?
Mrs. McKellar died March 31, 1979, and appellee filed her claim for probate on June 14, 1979. Mississippi Code Annotated section 91-7-153 (1972) provides:
The presentation of a claim, and having it probated and registered as required by law, shall stop the running of the general statute of limitations as to such claim, whether the estate be solvent or insolvent.
The statute of limitations begins to run when a cause of action accrues. Mississippi Code Annotated section 15-1-29 (Supp. 1980) sets out the following:
Except as otherwise provided in the Uniform Commercial Code, actions on an open account or account stated not acknowledged in writing, signed by the debtor, and on any unwritten contract, express or implied, shall be commenced within three (3) years next after the cause of such action accrued, and not after, except that an action based on an unwritten contract of employment shall be commenced within one (1) year next after the cause of such action accrued, and not after.
In the present case, the appellee's cause of action for breach of the oral contract did not arise until the decedent died, the claim was registered within the three-year period and was not barred by the statute of limitations. Ellis v. Berry, 145 Miss. 652, 110 So. 211 (1930); also see Page on Wills, § 10.38 at page 519 (1960).

III.

Did the lower court err in refusing to sustain the appellant's affirmative defense based upon the statute of frauds?
The rule is well established that a person may contract to devise his property by will, Anding v. Davis, 38 Miss. 574 (1860), and such a contract is not repugnant to public policy. Price v. Craig, 164 Miss. 42, 143 So. 694 (1932). Accord, Monroe v. Holleman, 185 So.2d 443 (Miss. 1966). However, appellant contends that the statute of frauds, Mississippi Code Annotated section 15-3-1 (1972) bars recovery. The pertinent part of that section follows:

*553 An action shall not be brought whereby to charge a defendant or other party:
(c) upon any contract for the sale of lands, tenements, or hereditaments, or the making of any lease thereof for a longer term than one year;
unless in each of said cases, the promise or agreement upon which such action may be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith or signed by some person by him or her thereunto lawfully authorized in writing.
In Collin's Estate v. Dunn, 233 Miss. 636, 103 So.2d 425 (1958), the Court held that an oral agreement between the parties to make a will devising property is unenforceable and said:
It is generally held that an oral agreement to convey land by will or otherwise is within the statute of frauds, and specific performance of such agreement cannot be enforced. Ellis v. Berry, 145 Miss. 652, 110 So. 211. But this Court has recognized the principle that, when parties make an oral agreement that one is to care for and support the other and that the latter will make compensation therefor and such services are rendered, but not paid for by the latter during his lifetime, the party who has rendered the care and provided the support under such an agreement may recover therefor on the quantum meruit. Ellis v. Berry, supra; First National Bank v. Owen, 177 Miss. 339, 171 So. 4; Hickman v. Slough, 187 Miss. 525, 193 So. 443; In re Estate of Whittington, deceased, 217 Miss. 457, 64 So.2d 580.
(233 Miss. at 644-645, 103 So.2d at 430)
An action to enforce an oral agreement to devise the lake-house property here would be unenforceable. However, appellee did not seek enforcement of the agreement, but probated the agreement for recovery of the $11,000 indebtedness, which was a consideration for it.
Where an action may not be maintained on an oral contract as being within the statute of frauds, or for damages resulting from a breach of such contract, the general rule is that the party breaking the contract will not be permitted to obtain benefits from it to his unjust enrichment. The statute of frauds may not be used to permit one relying on it to enrich himself at the expense of another or to aid in defrauding such other person. 73 Am.Jur.2d Statute of Frauds § 537 at pages 173-174. The trial court correctly declined to sustain the affirmative defense.
There being no errors in the trial below, the judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and HAWKINS, JJ., concur.
NOTES
[1] The will was not subscribed by her.