HAWKINS, Presiding Justice,
for the Court:
This is an appeal from the Second Judicial District of Harrison County in which the chancellor granted the estate of Walter E. Ross, Jr., deceased (Estate), a motion for summary judgment against a claim by Biloxi Regional Medical Center (Medical Center) for medical expenses incurred by the decedent on November 13,1985. The Medical Center appeals the chancellor’s grant *668 ing of the motion for summary judgment and dismissal of their claim with prejudice, and the Estate cross-appeals the chancellor’s failure to grant attorney’s fees to the Estate.
We reverse and remand on direct appeal, and do not address the cross appeal.
FACTS
On November 13, 1985, at approximately 10:00 p.m., Ross was taken by ambulance to the Medical Center. According to the hospital records contained in the record on appeal, Ross had received two gunshot wounds to the chest. How the shots were inflicted was not stated. Also, according to hospital records, paramedics were unable to find vital signs on Ross when they arrived at the scene, but were able to find a pulse while en route to the hospital. Although vital signs were again lost, personnel at the hospital performed CPR on Ross for one and one-half hours before pronouncing him dead.
On January 13, 1986, letters testamentary were issued to Sonya J. Ross, his widow, by the chancery court of the Second Judicial District of Harrison County. Notice to creditors was duly published. On February 27 the Medical Center filed its claim for $2,727.90 for medical services performed on Ross following his gunshot wounds. The claim was allowed by a deputy chancery clerk. Both the filing and approval of the claim were in accordance with Miss. Code Ann. § 91-7-149.
The claim was contested by the Estate, alleging the services performed on Ross at the hospital were performed on a dead body, and, therefore, any expenses incurred were unnecessary. Thereafter, on October 21, 1986, the Estate propounded interrogatories to Biloxi Regional Medical Center requesting the names and testimony of medical personnel and any other experts expected to testify regarding the treatment of Ross, as well as the medical records pertaining to the treatment of Ross on November 13, 1985, pursuant to Rules. 26(b)(4)(A)(i), and 33(a). The answer to interrogatories on November 20, 1986, consisted solely of copies of the November 13, 1985, medical records of Ross. Although names of attending personnel were written on these records, Biloxi Regional Medical Center failed to give the names of witnesses or testimony of personnel or other experts expected to testify. On November 24, 1986, the estate filed a motion to compel interrogatories answers regarding the identification of experts and their testimony.
According to the briefs from both parties on this appeal, a hearing on the motion to compel was heard on January 28, 1987, at which time the attorney for Biloxi Regional Medical Center informed the chancellor no experts were expected to be called. No transcript of this hearing, however, is contained in the record.
On February 2, 1987, the estate filed a motion for summary judgment, arguing the expenses incurred by the hospital were unnecessary since the medical records furnished through answers to interrogatories showed Ross was without vital signs when the paramedics first examined him, as well as when Ross was delivered to the hospital, and in fact “never during the time the body was in the custody of [Biloxi Regional Medical Center] did the body exhibit the least sign of life.” No affidavits were filed with this motion.
Thereafter, on February 27, 1987, Biloxi Regional Medical Center responded to the motion, stating there was a genuine issue of fact, but not specifying what this issue was. Further, attached to this response was an affidavit by James D. Baker, administrator of Biloxi Regional Medical Center, stating he was familiar with hospital bookkeeping records and that the estate of Ross had failed to pay any part of the $2,727.90 owed to the hospital.
The motion for summary judgment was heard on March 2, 1987. The chancellor acknowledged the prior statement by the Medical Center’s attorney that no expert witnesses would be called. Consequently, based on the fact that no experts would be called to testify regarding Ross' condition, and, based on the fact that, in the chancellor’s opinion, the hospital records showed Ross was dead, thereby making any at *669 tempts at resuscitation unreasonable, the chancellor stated it was his intention to grant the motion for summary judgment, noting the estate should not have “to pay the brunt of the payment for [unnecessary treatment].” The chancellor then told the attorney for Biloxi Regional Medical Center he would allow him to send a proffer of evidence to the court reporter for appeal purposes, but no proffer was ever made. On March 17, 1987, a fiat was entered requiring Biloxi Regional Medical Center to show why the summary judgment should not be granted, and on April 7, 1987, following arguments by both sides, the summary judgment was granted and the claim by Biloxi Regional Medical Center claim was dismissed with prejudice. Both parties have appealed.
LAW
The Medical Center argues the chancellor improvidently granted the motion for summary judgment because the motion was unsupported by credible evidence, and because under Miss.Code Ann. § 41-9-119 (Supp.1988), Biloxi Regional Medical Center made a prima facie showing of a claim for expenses which the estate failed to rebut. The Estate answers, however, that the issue was not whether the hospital had incurred these expenses, but whether or not Ross was dead thereby making the treatment and expenses incurred unnecessary, and further that the Biloxi Regional Medical Center’s medical records resolved this issue by showing Ross was dead. Lastly, the Estate argues the tactics of the attorney for Biloxi Regional Medical Center in failing to properly answer interrogatories and in failing to make a proffer as allowed by the chancellor caused the estate to spend extra time and money forcing Biloxi Regional Medical Center into action in this cause, thereby making sanctions under Mississippi Rules of Civil Procedure (MRCP) 37 appropriate.
The nature of this case and the manner in which it is brought before us on appeal requires us to address questions which escaped the attorneys. We are reluctant to do so, because it is the obligation of attorneys to properly present issues on appeal.
Our threshold inquiry is to what extent, if any, do the Mississippi Rules of Civil Procedure apply to a proceeding to contest a claim probated against the estate of a deceased person.
The statutes dealing with the probate of claims against a deceased person, Miss. Code Ann. § 91-7-149, and their contest, 91-7-165, are under Title 91 of the code. MRCP 81 provides that these rules are “subject to limited applicability” in certain actions which are “generally governed by statutory procedures.” Among such actions are proceedings under Title 91, and the -Rule further provides that the statutory procedures shall apply to the extent that they conflict with the rules, but otherwise the rules apply.[1]
Miss.Code Ann. § 91-7-149 and -165 in pertinent part provide:
*670 § 91-7-149. Probate of claims.
Any person desiring to probate his claim shall present to the clerk the written evidence therefor, if any, or if the claim he a judgment or decree, a duly certified copy thereof, or if there be no written evidence thereof, an itemized account or a statement of the claim in writing, signed by the creditor, and made affidavit, to be attached thereto, to the following effect, viz.: That the claim is just, correct, and owing from the deceased; that it is not usurious; that neither the affiant nor any other person has received payment in whole or in part thereof, ... and that security has not been received therefor except as stated, if any. Thereupon, if the clerk shall approve, he shall indorse upon the claim the words following: “Probated and allowed for $_and registered this _ day of _ A.D., _,” and shall sign his name officially thereto. Probate registration and allowance shall be sufficient presentation of the claim to the executor or administrator ...”
§ 91-7-165. Claims may be contested.
The executor or administrator, legatee, heir, or any creditor may contest a claim presented against the estate. The court or clerk may refer the same to auditors, who shall hear and reduce to writing the evidence on both sides, if any be offered, and report their findings with the evidence to the court. Thereupon the court may allow or disallow the claim, but such proceeding shall not be had without notice to the claimant.
First, we need to examine how these statutes were interpreted prior to the adoption of MRCP on January 1, 1982, when in conflict with other statutes on pleading and practice. In Ellis v. Berry, 145 Miss. 652, 110 So. 211 (1926), we held that compliance with the statute required no further pleading, unless necessary for a bill of particulars. In Central Optical Merchandising Co. v. Lowe’s Estate, 249 Miss. 61, 160 So.2d 673, 677 (1964), we held that “[N]o fixed form of claim is ordinarily required, nor is the technical accuracy and certainty of description which is essential in pleading necessary.” [Emphasis ours] See also, Deposit Guaranty Bank & Trust Co. v. Jordan, 171 Miss. 332, 157 So. 876 (1934).
We also held in Central Optical, supra, that once the claimant has complied with Miss.Code Ann. § 91-7-149 he is entitled to offer evidence in support of his claim, and that if the Estate is uncertain as to the claim, it is incumbent upon it to file a motion for a bill of particulars or to make the claim more definite. Central Optical, supra, 249 Miss, at 76, 160 So.2d at 680; see also, Estate of Wilson v. Nat’l Bank of Commerce, 364 So.2d 1117 (Miss.1978). Finally in Estate of McKellar v. Brown, 404 So.2d 550, 552 (Miss.1981), we held that failure of a claimant to attach a copy of a check evidencing a loan was not fatal to the claim. We stated, “Where the requirement of the statute has been met, as here, the appellee has the right on a contest, to introduce evidence in support of her claim.” Id. We have also held that the burden of establishing such claim if contested is upon the claimant, and such claim, although duly probated, must be established by clear and convincing evidence. Wooley v. Wooley, 194 Miss. 751, 12 So.2d 539 (1943); Nicholson v. Dent, Robinson and Ward, 189 Miss. 658, 198 So. 552 (1940).
The Estate resorted to the MRCP in filing interrogatories pursuant to discovery Rules 26 and 33, and in seeking a summary judgment under Rule 56.
Our pre-rules decisions have consistently held that under the provisions of Miss.Code Ann. § 91-7-165, once a claimant has probated a claim in compliance with Miss.Code Ann. § 91-7-149, he is entitled to a hearing on this claim, and to put on proof in support of it. We recognized that claims probated against an estate were a special category. “Legislative intent must be considered in the light of the realities of probate practice.” Central Optical, supra, 160 So.2d at 677. When a claim is contested, the claimant (as well as the estate representative) has a right to introduce evidence to support his position. See, Nicholson, supra; see also, McKellar v. Brown, supra. Miss.Code Ann. § 41-9-119 (Supp. *671 1988) is in accordance with this right, and states the following:
§ 41-9-119. Evidence of reasonableness of medical expenses.
Proof that medical, hospital, and doctor bills were paid or incurred because of any illness, disease, or injury shall be prima facie evidence that such bills so paid or incurred, were necessary and reasonable.
However, a mere filing of a claim with supporting bills does not itself make a prima facie case because, as was stated in Jackson v. Brumfield, 458 So.2d 736 (Miss. 1984), under Miss.Code Ann. § 41-9-119:
[W]hen a party takes the witness stand and exhibits bills for examination by the court and testifies that said bills were incurred as a result of the injuries complained of, they become prima facie evidence that the bills so paid or incurred were necessary and reasonable. However, the opposing party may, if desired, rebut the necessity and reasonableness of the bills by proper evidence. The ultimate questions is then for the jury to determine. [Emphasis added]
Id. at 737. See also, Stratton v. Webb, 513 So.2d 587 (Miss.1987); Nicholson, supra; Wooley, supra.
Consequently, for a claimant to introduce evidence to support his claim upon contest, he may proceed under Miss.Code Ann. § 41-9-119 (Supp.1988), but to do this, he must be allowed to go into court to present the court the bills incurred and testify for what purpose they were incurred. Since a summary judgment, by its nature, disposes of a case before a trial is commenced (when the procedure under MRCP 56 is complied with), then summary judgment practice under Rule 56 is inapplicable in contests of probated claims because it is “inconsistent” with the statutory procedure which necessitates that a claimant enter court to introduce evidence in support of his claim and permits a personal representative to rebut the claim. See, Miss.Code Ann. § 91-7-165 (Supp.1988), and Miss.Code Ann. § 41-9-119 (Supp.1988).
The discovery rules are entirely different, however. There is nothing in our pre-rules decisions to suggest a contestant to a claim could not utilize other procedures to prepare the estate’s defense. To the contrary, in our pre-discovery days we held it perfectly proper to resort to a bill of particulars or a motion tó make the claim more certain in preparing the defense prior to the hearing. Ellis v. Berry, supra; Central Optical, supra. We see no conflict between Miss.Code Ann. § 91-7-165 and the discovery rules, and therefore hold that the Estate had the right under Rules 26 and 33 to propound interrogatories, and secure all relief appropriate for failure to answer.
We have had numerous occasions to examine how and when Rule 81 affected proceedings under one of its subheadings. Clark v. Whiten, 508 So.2d 1105 (Miss. 1987), is somewhat analogous. Clark, the defendant in a paternity suit tried in a county court, argued on appeal that he was entitled to twelve jurors, rather than the six authorized under Rule 48(b) MRCP. We recognized that under Rule 81(a)(9) statutory enactments under Title 93 prevailed over conflicting rules of procedure. Miss.Code Ann. § 93-9-15, the applicable statute, provides that a paternity action may be brought in circuit, chancery or a county court, and that wherever brought the defendant is entitled to demand a trial by jury. That statute is silent as to the number of jurors. We held:
Nothing in the statute in any way suggests the number of jurors that may be required. If Section 93-9-15 provided for twelve jurors, it would override Rule 48(b). As written, however, there is no conflict. Accordingly, Rule 48(b) and its six person juror requirements prevails.
In Mississippi State Bar v. Attorney L, 511 So.2d 119, 122 (Miss.1987), we stated as to Rule 81:
Ordinarily, limited applicability under Rule 81 contemplates certain specialized forms of action long regulated by statute. Rule 81 provides that the Civil Rules supplement the statutory rules of procedure, that is, to the extent that the statutory procedural scheme be silent, or *672 not inconsistent, the Mississippi Rules of Civil Procedure govern.
Id. at 122; see generally, Mayoza v. Mayoza, 526 So.2d 547 (Miss.1988); Bias v. Bias, 493 So.2d 342, n. 1 (Miss.1986).
It therefore follows the chancellor erred when he disposed of this claim on summary judgment because the procedure for summary judgment authorized under Rule 56 would derail the intent of, and is in conflict with Miss.Code Ann. § 91-7-165, as we have consistently interpreted it, and, consequently, under Rule 81 the statute controls. A claimant who satisfies this statute is entitled under our decisions to his full day in court to present his claim as best he can. Therefore, the procedure for summary judgment is not applicable to dispose of claims made under Miss.Code Ann. § 91-7-149. This holding should pose little difficulty in the disposition of the vast majority of claims probated against an estate. In this case it appears the chancellor could more quickly have heard and disposed of this claim on the merits than becoming side-tracked on a summary judgment action.
We, therefore, reverse and remand for a hearing on the merits of the claim. This reversal in no way affects the discretion of the chancellor, in view of the posture of this case on discovery, to make whatever ruling or sanctions he deems appropriate. In view of our holding, it is unnecessary that we address the cross-appeal.
REVERSED AND REMANDED ON DIRECT APPEAL. CROSS-APPEAL DISMISSED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and SULLIVAN, ANDERSON and PITTMAN, JJ., concur.

. Mississippi Rule of Civil Procedure 81 states the following:
Rule 81. Applicability of Rules.
(a) Applicability in General. These rides apply to all civil proceedings but are subject to limited applicability in the following actions which are generally governed by statutory procedures.
******
(8) Title 91 of the Mississippi Code of 1972.
... Statutory procedures specifically provided for each of the above proceedings shall remain in effect and shall control to the extent they may be in conflict with these rules; otherwise these rules apply.
The comment to MRCP 81 states, in part:
In any instance in the twelve listed categories in which the controlling statutes are silent as to a procedure, such as security for.costs, form of summons and methods of service of process and notices, service and filing of pleadings, computation of time, pleadings and motions, discovery, subpoenas, judgments and the like, the M.R.C.P. govern.
Additionally, MRCP 1 states the following:
These rules govern procedure in the circuit courts, chancery courts, and county courts in all suits of a civil nature, whether cognizable as case at law or in equity, subject to certain limitations enumerated in Rule 81; however, even those enumerated proceedings are still subject to these rules where no statute applicable to the proceedings provides otherwise or sets forth procedure inconsistent with these rules. Those rules shall be construed to secure the just, speedy, and inexpensive determination of every action.