C. S. NORTH, ADMINISTRATOR, *v.* C. F. LOWE.

1. ESTATE OF DECEDENT. *Claim against. Proof.*
   A claim against the estate of a decedent, although duly probated and registered, must be established by competent evidence if objected to by the administrator.

2. SAME. *Evidence, sufficiency of to establish claim against. Case in judgment.*
   L. probated two claims against the estate of P., deceased; one for medical services, the other for board of P., during the year 1879, and for sundries furnished him before his death. In support of these claims F. testified that decedent lived at the house of L. the last two years of his life, and that he died in 1881; that L. had told witness that P. was to pay his board the first year by his services, and that the balance of the time was to be paid for in money; that L. was the only physician in the neighborhood and would have been P.'s physician had he needed one; that P. was often sick, but witness did not know whether P. had ever had any medical attention from L. *Held,* that this was not sufficient evidence to establish the claim of L. against the estate of P.

APPEAL from the Chancery Court of Hinds County.

MARYE DABNEY, ESQ., Special Chancellor, presiding in the place of Hon. E. G. Peyton.

In 1884 the estate of George W. Prince, deceased, and of which C. S. North was the administrator, was declared insolvent by a decree of the chancery court. On petition of the administrator a day was appointed for the examination and allowance of claims against the estate. Dr. C. F. Lowe on that day presented two

claims, which had been duly probated and registered, to the allowance of which the administrator objected. The claims were two open accounts, one for medical services, thirty-five dollars; the other for board during the year 1879, one hundred and eleven dollars, and for sundries furnished Prince before his death, sixty-six dollars and thirty cents. In support of these two claims Lowe introduced the testimony of T. E. Ford, who testified in substance that George W. Prince lived at the residence of Dr. Lowe the last two years of his life, one of which was the year 1879, and died there; that Dr. Lowe told him (Ford) that Prince's services were to be taken for his board the first year of his residence there, and that he was to pay board the balance of the time; that Prince was often sick, but witness did not know whether Dr. Lowe rendered him any medical attention or not; that Dr. Lowe was the only physician in the neighborhood, and would have been Prince's physician if he had had one. Upon this evidence the court rendered a decree allowing Dr. Lowe's account for medical services, thirty-five dollars, allowed the item in second account for sundries, sixty-six dollars and thirty cents, and rejected the item for board, one hundred and eleven dollars. From this decree the administrator appealed.

*J. & J. M. Shelton,* for the appellant.

1. Clearly an account verified by the affidavit of the creditor, as required by law to be entitled to probate, produced on such a hearing, cannot be held to impart anything more toward the establishment of the indebtedness charged in it and its own correctness than if not so verified (and it will surely not be contended that an account not so verified, so produced, would sufficiently establish indebtedness and its own correctness alone, to warrant a court in allowing it), because to hold that it imports more would be to give weight to the affidavit for probate; and this would be squarely contrary to the letter and spirit of the statutory provision, which prohibits a person from testifying to establish his own claim against the estate of a deceased person.

The statement of the appellant that he objected to the allowance of the accounts, which form the subject of this controversy, whether

made *pro forma* or not, was sufficient, as we submit, to cast on Lowe the burden of proving them below.

2. Now, surely, there is not a word or syllable in the evidence that even tended to prove that medical services were rendered as charged, and we insist that the account should have been rejected or disallowed for defect of proof.

The court below rejected or disallowed the charge for board—one hundred and eleven dollars—on the proof, and he should have rejected or disallowed the charges for sundries—sixty-six dollars and thirty cents—for want of proof, because not a scintilla of evidence was adduced either for or against them.

No counsel for the appellee.

CAMPBELL, J., delivered the opinion of the court.

When the administrator objected to the allowance of the claims in favor of the appellee they should have been established by competent evidence. The fact that the accounts had been probated and registered amounted to nothing, and proof of their correctness was necessary. The evidence offered was not sufficient to establish the claims, and the decree allowing them is reversed, and the cause remanded for further proceedings in the chancery court.