THOMAS R. FOSTER *v.* GEORGE SCHAFFER, ADMINISTRATOR.

ESTATES OF DECEDENTS. *Probation of Claims.* *Code* 1892, § 1932.

Under Code 1892, § 1932, regulating the subject, a claim for professional services rendered the decedent, not based upon an itemized account, is sufficiently stated for probation against his estate if it be in writing, and specify a definite sum as due from decedent to claimant "for legal advice and service rendered" to decedent.

FROM the chancery court of Warren county.

HON. WILLIAM P. S. VENTRESS, Chancellor.

Foster, appellant, propounded a claim for probate against the estate of Frank A. Schmidt, deceased, of which estate,

Schaffer, appellee, was administrator. The claim was in writing and in these words:

"VICKSBURG, Nov. 3, 1902.

"Estate of Frank A. Schmidt.

"To T. R. Foster, Attorney.

"For legal advice and services rendered Frank Schmidt, $500.00."

To this written statement Foster made the affidavit required by statute, Code 1892, § 1932.

The administrator contested this claim, and by agreement it was submitted to auditors. The auditors' report sets forth that the claim was not properly and legally registered, probated, and allowed, because it was not itemized in conformity to the above section, Code 1892. They further reported that under sec. 542 of said code, authorizing amendments generally in the chancery court, it should be amended, and it was allowed by them, when amended, for the sum of $225. Exceptions were filed by the administrator to the auditors' report to the effect that they had erred in finding that the account could be amended by itemizing it. These exceptions were sustained by the court, and a decree rendered disallowing the claim, and Foster appealed to the supreme court.

*Smith, Hirsh & Landau,* for appellant.

The case of *Cheairs* v. *Cheairs,* 81 Miss., 662, does not decide the point in controversy. In that case there was a fatal defect in the affidavit, and there was no motion made to amend, the creditor who propounded the claim resting solely upon the affidavit and made no motion to amend the affidavit.

Sec. 1932 of the code uses this language: "If there be no written evidence thereof, an itemized account or a statement of the claim in writing signed by the creditor." We respectfully submit, and the court, we think, will take judicial knowledge of this, that lawyers do not in their practice keep itemized

accounts, and do not enter from time to time on their books charges for each consultation, and about what subject the consultation was had with the client, and we submit that the words "itemized account" cannot fairly be applied to the claim of a lawyer against the estate of his deceased client, and that the claim as presented was good originally.

*Brunini & Hirsh,* for appellee.

The case of *Cheairs* v. *Cheairs,* 81 Miss., 662, is decisive of the point. Sec. 1932 of the code requires an itemized account, and Foster's claim was not itemized.

In the Cheairs case the court expressly asks itself this question, "Is sec. 1932 mandatory?" and it replies in the affirmative. We submit that if sec. 1932 is mandatory in whole, it must be as to any one of its constituent parts. If the affidavit be mandatory, then the itemized account must also be mandatory. If the one be "an indispensable jurisdictional prerequisite," then the other must also be. If this be true, then the registration, probation, and allowance of the account by the clerk which is not itemized is void.

TRULY, J., delivered the opinion of the court.

The probated claim of appellant should have been allowed for the amount found by the auditors to be due thereon. Sec. 1932, Code 1892, provides that "any person desiring to probate his claim shall present to the clerk the written evidence thereof, if any, or, if the claim shall be a judgment or decree, a duly certified copy thereof, or, if there be no written evidence thereof, an itemized account, or a statement of the claim in writing signed by the creditor," and make affidavit, to be attached thereto, in the form therein set out. No point is made as to the form of the affidavit which was made by appellant and attached to his claim, hence the case of *Cheairs' Ex'rs* v. *Cheairs' Adm'rs,* 81 Miss., 662; 33 South, 414, which deals with that question solely, is not applicable. Appellant

did present, as required by law, "a statement of the claim in writing," and this was a substantial compliance with the provisions of the section quoted. The claim was not based upon an itemized account, but was for a certain sum for professional services rendered to the decedent, and a written statement thereof was duly presented, sworn to, and registered. This was a notification to the administrator and all concerned that this claim was made against the estate, and furnished an opportunity to have the claim contested under sec. 1934 of the code, whereupon it devolved upon the claimant to establish his claim by competent evidence. *Allen* v. *Hillman,* 69 Miss., 230; 13 South., 871; *North* v. *Lowe,* 63 Miss., 31. Having sustained his claim by proper and satisfactory proof, he was entitled to have it allowed. The construction which the chancellor placed upon sec. 1932 was too narrow, and absolutely nullified that clause which permits claims to be probated on filing a "statement of the claim in writing," and yet a large class of debts falls within this category.

*Reversed and remanded.*