SUPERIOR OIL & GAS COMPANY *v.* SUDBURY.

Opinion delivered December 6, 1920.

EXECUTORS AND ADMINISTRATORS—AUTHENTICATION OF CLAIMS OF CORPORATIONS.—Under Kirby's Digest, § 110, as amended by act May 28, 1907, the claim of a corporation against a decedent's estate must be authenticated by the affidavit of the cashier or treasurer; the affidavit of the secretary being insufficient.

Appeal from Mississippi Circuit Court, Chickasawba District; *R. H. Dudley,* Judge; affirmed.

*Davis, Costen & Harrison,* for appellant.

1. The court erred in refusing to permit plaintiff to show by witnesses Beale and Davis their conversation and transactions with Sudberry relative to the sale and purchase of the stock. K. & C. Dig., § 3403, only applies to parties to the record. 46 Ark. 306. Mere in-

terest in the transaction or result does not disqualify. 63 *Id.* 556; 183 S. W. 187.

2. It was error to admit in evidence the letter addressed to B. A. Lynch and the testimony of Lynch. It was incompetent and immaterial. 14 C. J., § 289; 71 Ark. 379-384.

3. The court erred in refusing instructions 3 and 6 asked by plaintiff. They were correct. There was no evidence that Beale had any authority to trade in the stock of the plaintiff company or that they ever ratified any contract alleged to have been made by him.

4. The court erred in refusing instruction No. 1 for plaintiff. No effort was made by defendant to show payment, or any evidence offered by way of defense, and a verdict should have been directed for plaintiff.

*Buck & Lasley,* for appellee.

The claim was not properly verified and the statute in regard to presentation of claims against estates was not complied with. The affidavit is unsigned and there is no *jurat;* nor is the complaint verified. Kirby's Dig., § 114; 132 Ark. 410; *Lay* v. *Thompson,* 145 Ark. 194. The claim was barred by nonclaim. All the issues were submitted under proper instructions, and the verdict is conclusive.

McCulloch, C. J.   Appellant instituted this action in the circuit court of Mississippi County against the estate of J. G. Sudbury, deceased, to recover the sum of one thousand dollars, alleged to be due on a stock subscription made by said decedent. The complaint was amended by interlineation so as to allege that said decedent executed and delivered to appellant a promissory note for said stock subscription and that the note had been lost, without having been paid. Besides other defenses, the executrix of decedent's estate pleaded the statute of nonclaim. Kirby's Digest, § 110, as amended by act of May 28, 1907. There was a trial before a jury and upon the issues submitted by the court in its instructions, a verdict was returned in favor of appellee.

There are several assignments of error, but we think that the evidence fails wholly to show compliance with the statute in regard to presentation of claims against estates of deceased persons. The statute provides that the authentication of such a claim made by a corporation must be made by the cashier or treasurer of the corporation (Kirby's Digest, § 116) and that the affiant shall state that "he has made diligent inquiry and examination, and that he does verily believe that nothing has been paid except the amount credited, and that the sum demanded is justly due." Kirby's Digest, § 117.

There is in the record a writing which was exhibited with the complaint and introduced in evidence as an affidavit authenticating the claim of appellant, but it does not meet the requirements of the statute. Appellant is a corporation, and the affidavit purports to have been made by the secretary. That is not sufficient. *Lanigan* v. *North,* 69 Ark. 62. Moreover, the affidavit is unsigned, and there is no jurat of an officer attached to it. In fact it is no affidavit at all, nor do the contents of the writing meet the requirements of the statute. The complaint was not verified by affidavit.

Affirmed.