SHELTON *v.* HARRIS, ADMR.

5-780                                      286 S. W. 2d 20

Opinion delivered January 23, 1956.

T. S. Lovett, Jr., for appellant.

Wiley A. Branton, for appellee.

GEORGE ROSE SMITH, J. This is an appeal from a probate court order holding that the appellant's claim against the estate of Ella Hampton, deceased, is barred by the three-year statute of limitations, which applies to oral contracts. Ark. Stats. 1947, § 37-206. It is contended by the appellant that the case is governed by the five-year statute, applicable to written contracts. Ark. Stats., § 37-209.

Early in 1949 the appellant lent $405 to Ella Hampton upon the borrower's oral promise to repay the money in the fall of that year. Ella Hampton died, without having repaid the debt, on December 16, 1952, which was more than three years after the last day of fall (November 30), 1949. After the appellee's appointment in 1954 as administrator of the decedent's estate the appellant filed her claim for $405 and accrued interest. The claim and its supporting affidavit refer only to the oral loan agreement between the parties. Upon the face of the pleadings the trial court was undoubtedly correct in applying the three-year statute.

In the course of the trial, however, the appellant testified that Ella Hampton, as security for the loan, had endorsed and pledged an overdue rent note for $450 that had been executed by Steve Hellems as maker to Ella as payee. This note was received in evidence without objection. It is now suggested that the appellant's claim was thereby converted to a demand upon a written contract or that the court should have treated the original claim as having been amended to conform to the proof.

Neither suggestion is sound. Ella Hampton was liable during her lifetime upon two separate contracts — the oral agreement to repay the $405 loan and the written endorsement of the $450 note. The appellant, entitled to but one satisfaction, elected to base her claim upon the oral obligation. Her proof is directed to that issue rather than to the materially different facts that would be needed to establish Ella Hampton's secondary liability as the endorser of Steve Hellems' note. The note was properly admitted in evidence, as it tended to corroborate the appellant's assertion that she had lent

money to the decedent. But it is plain that the borrower's act of endorsing a past-due note for $450 did not have the effect of reducing to writing her oral promise to repay a smaller sum in the fall of the year.

Nor, for at least two reasons, would the court have been justified in treating the claim as having been amended by the proof. In the first place, the amendment would have asserted a new cause of action, upon a different contract. We have held that it is reversible error for the trial court to permit such an amendment even when it is requested to do so. *Patrick* v. *Whitely,* 75 Ark. 465, 87 S. W. 1179. There would be still less justification for the court's commission of the same error upon its own motion.

Second, it is essential that a claim against an estate be supported by an affidavit in statutory form. Relatively slight deviations from the statutory language have been held fatal to the validity of the claim. *Superior Oil & Gas Co.* v. *Sudbury,* 146 Ark. 319, 225 S. W. 609; *Rinehart* v. *Wheeler,* 168 Ark. 251, 270 S. W. 537. The mere introduction of the Hellems note in evidence did not and could not bring into existence the affidavit that is vital to the assertion of a claim upon that note. Whether the probate court could, without infringing upon the doctrine of election of remedies, have permitted the appellant to withdraw her claim and substitute a demand founded upon the Hellems note, is a question not presented by this record. It is enough to say that the principle of treating the pleadings as amended by the proof cannot supply the mandatory requirement that a claim upon a written instrument be supported by proper verification.

Affirmed.

HOLT, J., dissents.

J. SEABORN HOLT, J. dissenting. Ella Hampton died interstate December 16, 1952 and Earnest Harris, her son, was appointed Administrator August 2, 1954. The parties are negroes. Appellant, Lula Shelton, in apt time (§ 62-2601 Ark. Stats.) filed the following claim:

"IN THE MATTER OF THE ESTATE OF ELLA HAMPTON, deceased.

AFFIDAVIT TO CLAIM AGAINST ESTATE

I, LULA SHELTON, do solemnly swear that the attached claim against the estate of ELLA HAMPTON, deceased, is correct, that nothing has been paid or delivered toward the satisfaction thereof except what is credited thereon, that there are no offsets to the same, to the knowledge of this affiant, except as therein stated, and that the sum of Six Hundred Seven and 50/100 Dollars ($607.50) is now justly due (or will or may become due as stated therein). I further state that if this claim is based upon a written instrument, the copy thereof, including all endorsements, which is attached hereto, is true and complete.

/s/ Lula Shelton

STATE OF ARKANSAS
COUNTY OF JEFFERSON

Subscribed and sworn to before me this 19 day of August, 1954.
(SEAL)                    /s/ Theodore Jones
My Com. exp. 5/9/55

IN ACCOUNT WITH THE ESTATE
OF
ELLA HAMPTON, DECEASED

ADVANCES MADE IN THE YEAR 1949:
$100.00, 55.00, 40.00, 40.00, 50.00,
50.00, 50.00, 20.00 ................................................$405.00
INTEREST AT 10% from July 1, 1949,
that date being average date of all
advances ................................................ 202.50
                                                        _____
                                                        $607.50"

Hearing in Probate Court was held on the claim October 18, 1954 and an order entered February 21, 1955 . . . "that the said claim should not be allowed on account of it being founded on an oral contract and

thus barred by the Statute of Limitations prior to the death of the said Ella Hampton." This appeal followed.

Appellant says: "There is one issue involved in this appeal — that is: 1. Does the three-year (§ 37-206) or the five year (§ 37-209) statute of limitations apply?" Appellee agrees that the statute of limitations is the only issue but contends that the claim as filed is on an open account, amounting to an oral contract, on advances made by appellant and was, therefore, barred by the three-year statute of limitations prior to the death of Ella Hampton.

On the record presented I do not think the three year statute of limitations applies, but I am convinced that the five year statute of limitations does apply, and is controlling. It appears undisputed that during 1949 appellant, Lula Shelton, an aged negro, loaned decedent, Ella Hampton, a total of $405.00 and was given as security for the loan a pledge of a rent note in the amount of $450.00, executed in favor of Ella Hampton by Steve Hellums. This note was dated March 1, 1948 and was due November 15, 1948; it bore Ella Hampton's endorsement and was in the possession of Lula Shelton when the above hearing was had in Probate Court on the claim, and was introduced in evidence without objection, or claim of surprise, by appellee. Counsel for appellee says in his brief: . . . "There is evidence that the deceased gave the claimant a Rent Note as collateral security which the deceased 'endorsed' on the face of the Rent Note." At the time Ella Hampton died, December 16, 1952, approximately four years and one month had expired from its due date, November 15, 1948, and obviously it was not barred by the five year statute of limitations, and could be made the basis for appellant's claim.

Since this case comes to us for trial *de novo*, just as in a Chancery case, I think that when appellant introduced in evidence the pledged rent note above, as a basis for her contention that her claim was, in effect, on a written contract and not on an oral contract, it was then the duty of the trial court to permit appellant to

base her claim thereon and to treat the claim amended to conform to the proof by allowing appellant to attach the note to her claim and base it on the note. This written endorsement by Ella Hampton constituted the note a written contract, on which a claim could be based. In *Sommer* v. *Nakdimen,* 97 Fed. 2d 715, Circuit Court of Appeals, 8th Circuit (An Ark. Case) the Court said: . . . "Here the advancement of the money by Lazarus at defendant's request in and of itself constituted a complete contract. Each of the notes constituted separate written contracts. The endorsements on the notes constituted other written contracts. . . Had the amended petition alleged that the notes were endorsed and delivered to Lazarus in payment of the original debt or as collateral security therefor, and had recovery been demanded on the contract of endorsement, the case would have been altogether different from the present one." This hearing on the claim was held in October 1954 and well within the period for the filing of claims against this estate. As I see it the position of the administrator was not changed by appellant's failure to attach the note (or copy) to the claim as originally filed. Certainly I think appellant should be permitted, at any time within the period of filing claims, in a procedural matter as this, to amend her claim and attach thereto any written instrument upon which she might legally base her claim. Under the facts in this case the claimant substantially complied with § *112 of the 1949 Probate Code* [Acts 1949, No. 140, § 112, P. 304] now § *62-2603 Ark. Stats. 1947.* To hold otherwise would be to narrow the time limit within which appellant was permitted to file a claim and refuse her the right to amend and base her claim upon a written rather than an oral contract, and would allow the executor to hide behind a legal technicality, and give an interpretation to our Probate Code never intended. In short, the simple and undisputed facts were: Lula Shelton, an uneducated, sympathetic, friend and neighbor of Ella Hampton, out of her meager substance, made small loans to Ella totaling $405.00 in 1949, which Ella promised to repay that "fall." Since "fall"

embraces only the months of September, October and November, all agree that the claim would be barred by the three-year statute by approximately 13 days if based on an oral contract. It seems to me, however, that the majority in denying the claim when based on the pledged note, in effect clearly a written contract, are resorting to an unreasonably technical, strict and rigid construction of our claims statute and procedure thereunder that was never intended. Surely, in a case of this kind, on the facts presented, simple justice, equity, fairness and common sense, not only would warrant but would demand our holding that Lula Shelton should be allowed to amend her claim and base it on the written contract, pledged note, which was offered, in apt time, without objection.

I would reverse.