LADNIER, ADMR., et al. *v.* CROSS, et al.

No. 41797          April 10, 1961          128 So. 2d 540

*Bidwell Adam,* Gulfport; *Forrest B. Jackson,* Jackson, for appellant.

*Rushing & Guice, Charles K. Pringle,* Biloxi, for appellees.

KYLE, J.

This case is before us on appeal by Royal M. Ladnier, Administrator of the Estate of Willie Mayvin Ladnier, deceased, from a decree of the Chancery Court of Harrison County, allowing a probated claim of Ruby L. Cross in the amount of $1127.35, and ordering the payment of $941.55 of said amount to W. L. Guice and Marian Manger Stennis, Administratrix of the Estate of J. D. Stennis, Jr., now deceased, as assignees and judgment creditors of the said Ruby L. Cross, and the balance of said claim to be paid to the said Ruby L. Cross. The probated claim was contested by the administrator after a petition for allowance and payment of said claim had been filed by the above named assignees and judgment creditors of the claimant.

The record shows that William Mayvin Ladnier, who was also known as "Willie Mayvin Ladnier", died on September 30, 1956, and that Roy M. Ladnier was duly

appointed administrator of the estate of the deceased on October 4, 1956. Notice to creditors was published by the administrator as required by the statute, and on April 2, 1957, Ruby L. Cross probated her claim against the estate of the deceased in the sum of $1127.35, said claim being in words and figures as follows:

"William M. Ladnier
    Balance of Accounts
    (due Ruby L. Cross)

| | |
|---|---|
| Loan 10/15/48, renewed | $ 900.00 |
| Loan 8/2/54 | 100.00 |
| Money received from sale of cow | 96.60 |
| COD account paid | 30.75 |
| **TOTAL** | **$1127.35** |

Probated and allowed for $1127.35 and registered this 2 day of April, A.D. 1957.

C. J. DARBY, Chancery Clerk
By R. A. Alexander, D.C."

Two days after the probate and registration of said claim Ruby L. Cross filed her petition in the Chancery Court under the name of Ruby Lee Cross Ladnier, alleging that she and the decedent had contracted a common law marriage either in October or November 1941, and had continued that relation, and that she was therefore the sole heir at law of the decedent, and as such was entitled to inherit his estate. The issue whether or not there had been a common-law marriage between the parties was litigated in the Chancery Court of Harrison County, and after a full hearing on the merits a decree was entered dismissing with prejudice the claimant's petition seeking to establish such common-law marriage. From that decree Ruby Lee Cross Ladnier prosecuted an appeal to this Court, and on February 23, 1959, this

Court affirmed the decree of the chancellor dismissing said petition. See Ladnier v. Ladnier Estate, 235 Miss. 374, 109 So. 2d. 338. In its opinion in that case this Court referred to the fact that the record showed that, on April 2, 1957, Ruby L. Cross had probated a claim against the estate of the decedent in the above mentioned sum of $1127.35, and had signed the affidavit as Ruby L. Cross, and not as Ruby Lee Cross Ladnier.

After the final determination of the above mentioned appeal, W. L. Guice and Marian Manger Stennis, administratrix of the Estate of J. D. Stennis, Jr., deceased, filed their petition in the chancery court asking that Royal M. Ladnier, the administrator, be summoned to appear before the court and show cause, if any, why he should not pay the above mentioned claim of Ruby L. Cross in the amount of $941.55 to the above named petitioners as judgment creditors of Ruby L. Cross. The petitioners alleged in their petition that W. L. Guice and J. D. Stennis, Jr., had signed the appeal bond of Ruby L. Cross Ladnier, when she prosecuted her appeal to this Court in her suit to establish her rights as a common-law wife of the decedent, and that judgment had been entered against them as sureties on said appeal bond for court costs in the amount of $941.55, which petitioners had paid, and for which they were entitled to be reimbursed out of the proceeds of said probated claim. The administrator filed his answer to the above mentioned petition, and in his answer the administrator denied that the above mentioned probated claim was just, due and owing, to the said Ruby L. Cross. The administrator admitted that W. L. Guice and J. D. Stennis, Jr., had signed the appeal bond of Ruby L. Cross Ladnier in her unsuccessful appeal to this Court in the case which was decided against her on February 23, 1959; but the administrator neither admitted nor denied that the said W. L. Guice and J. D. Stennis, Jr., had obtained a judgment against the said Ruby L. Cross for said sum of $941.55. The administra-

tor asked that the petition for allowance of the probated claim be dismissed for the reason that the estate of William M. Ladnier, deceased, was not indebted to Ruby L. Cross in said sum of $1127.35 on April 2, 1957, or at any other time.

The cause was heard by the chancellor on the petition for allowance of the probated claim and the answer and contest filed by the administrator on March 24, 1960. The only witness who was called to testify on behalf of the petitioners, was Robert L. Thompson, an attorney, who testified that he was one of the attorneys who appeared for the defendants, Royal M. Ladnier, administrator, and the heirs of W. M. Ladnier, deceased, in the suit filed against them by Ruby L. Cross Ladnier to establish her claim as the common law wife of the deceased; that the probated claim of Ruby L. Cross for the said sum of $1127.35 was introduced in evidence during the trial of that case, as a part of the defendants' proof to show that Ruby L. Cross did not claim to be Mrs. Ladnier at the time she filed said probated claim; and that in his argument before the court he referred to the probated claim as a part of the evidence in the record in the case.

It appears from the record that during the argument on the issue as to the validity of the probated claim the attorney for the administrator called the court's attention to the fact that the loan of $900 listed on the probated claim showed on its face that it was nine years old and was therefore barred by the statute of limitations. The attorney admitted that he had filed no plea of the statute of limitations, but insisted that the administrator had the right to contest any claim, "if on its face it shows it is not a valid claim."

At the conclusion of the hearing, the chancellor stated that the statute of limitations could not be availed of by the administration as a defense against the demand for payment of the claim, for the reason that the statute

had not been pleaded by the administrator as a defense. The chancellor stated that he understood the rule to be that the burden of proof rested on the claimant to prove by reasonably clear and reasonably positive evidence that the claim was due and owing. But the chancellor was of the opinion that, since it had been shown that the estate had used the probated claim in its defense against the claim of Ruby L. Cross that she was the common-law wife of the deceased, the court, "simply on the principle of equity, taking that into consideration," should allow the claim. The chancellor therefore entered a decree ordering and directing that the administrator pay the probated claim in the amount of $1127.35, by paying to W. L. Guice and Marian Manger Stennis, administrator of the estate of J. D. Stennis, Jr., deceased, as assignees and judgment creditors of Ruby L. Cross, the sum of $941.55, and by paying to Ruby L. Cross the balance of said sum of $1127.35.

The appellant has assigned and argued several points as grounds for reversal of the decree of the lower court ordering that the claim be paid. It is not necessary that we consider all of the points assigned and argued.

We think the court was manifestly wrong in ordering that the claim be paid.

■■ ■ The rule is well settled by the decisions of this Court that, when an administrator contests the payment of a claim against the estate of a decedent, the claim must be established by clear and reasonably positive evidence. In Nicholson v. Dent, Robinson & Ward, 189 Miss. 658, 198 So. 552, the Court said: "It was held in the cases of North, Adm'r. v. Lowe, 63 Miss. 31, and Tarver v. Lindsey, 161 Miss. 379, 137 So. 93, that a claim against the estate of a decedent, although duly probated and registered, must be established by clear and reasonably positive evidence, if objected to by the administrator."

There is no proof in the record that we have here to show that the claim was just, correct, and owing from

the deceased. No witness, who knew anything about the claim, testified that the claim was just, correct and owing.

■■ There is no merit in the appellees' contention that the administrator was estopped to deny liability or to contest the allowance of the claim for the reason that the administrator and the heirs of the deceased had used the claim and the probate affidavit attached thereto as evidence against the claimant in her suit seeking to establish her claim that she was the common-law wife of the deceased. The question as to whether the claim was just, correct and owing by the deceased was not involved in that suit. The fact that the defendants in that suit offered the probated claim in evidence for the purpose of showing that the claim was filed in the name of Ruby L. Cross, and not in the name of "Mrs. Ruby Lee Cross Ladnier," had no bearing upon the issue presented by the petition filed later asking that the claim be allowed and that the administrator be ordered to pay the same. ■■ The burden of proof rested on the appellees to show that the claim was just, correct and owing. **(Hn 4)** No such proof was offered, and the chancellor erred in allowing the claim and directing the administrator to pay the same.

In view of what has been stated above, it is not necessary that we consider the other points argued in the appellant's brief relating to the validity of the probate of the claim, and the chancellor's ruling on the point raised that the $900 item was barred by the statute of limitations.

The judgment of the lower court is reversed and judgment will be entered here in favor of the appellant.

Reversed and judgment rendered here in favor of appellant.

*McGehee, C.J.*, and *Arrington, Ethridge* and *Gillespie, JJ.*, concur.