MABRY *v.* CORLEY.

5-2943                                          365 S. W. 2d 711

Opinion delivered March 18, 1963.

*Milham & Cummins,* for appellant.

No brief filed for Appellee.

FRANK HOLT, Associate Justice. This is an appeal from a decree of the Saline Probate Court disallowing the claims of the appellants against their father's estate.

In September of 1949, Maud E. Covington acquired 25 acres of ancestral land by partition action in the Saline Chancery Court. On February 15, 1956 she and her husband, J. W. Covington, conveyed, by warranty deed, the said property for the consideration of $7,500.00 cash. Mrs. Covington died about a year later. in January

of 1957. She was survived by her husband and their three adult children, Charles Covington, Geraldine Covington Mabry and Sarah Covington Coocher. Mr. Covington died on April 17, 1961, at the age of 85, leaving as his heirs the three above named children and another daughter, Trebie Corley, by a previous marriage. Trebie Corley was duly appointed executrix of her father's estate pursuant to the terms of his will.

Mrs. Mabry, Mrs. Coocher and Charles Covington, appellants, filed separate claims against the estate of their deceased father, J. W. Covington, in the amount of $2,500.00 each. These claims were based on a purported oral agreement with their father that during his lifetime he would have the use of the $7,500.00 and upon his death each of them would receive, by the terms of his will, one-third of this amount, or $2,500.00. We do not have before us the provisions of the will. In due time the executrix, the half sister of appellants, filed her accounting to the effect that she had personally paid all debts of the estate; that the total value of the estate was $896.43; that the claims of her two half sisters and half brother, each in the amount of $2,500.00, had been filed against the estate; that she had not approved them, and asked that they be disallowed by the court. This appeal comes from a decree of the court disallowing each of appellants' claims.

For reversal appellants urge, in effect, that the order of the probate court disallowing their claims was against the preponderance of the evidence.

The appellants, Geraldine Mabry and Charles Covington, were allowed to testify, over the objections of appellee, about this alleged oral agreement with their father. The appellant, Sarah Coocher, did not appear to testify. Appellee contends that the testimony of appellants as to any transaction or conversation between themselves and their deceased father was incompetent and in violation of the Constitution of Arkansas, Schedule, § 2,[1] which provides:

---

[1] Commonly known as "The Dead Man's Statute".

"In civil actions no witness shall be excluded because he is a party to the suit or interested in the issue to be tried. Provided, that in actions by or against executors, administrators, or guardians in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other as to any transactions with or statements of the testator, interstate or ward, unless called to testify thereto by the opposite party. Provided, further, that this section may be amended or repealed by the General Assembly."

The probate court overruled appellee's objection on the ground that he considered the three claims separately and that each claimant could testify as to the decedent's transactions or conversations with the other claimants. This was a correct ruling on the law as announced in *Bush, Admx.* v. *Evans,* 218 Ark. 470, 236 S. W. 2d 1013, wherein we held that the probate court could consider a husband and wife's claim as separate claims and allow each claimant to testify as to the decedent's transaction with the other claimant. It is a well defined principle of law that appeals from a probate court decree are heard *de novo* just as appeals from chancery and, further, that the burden is upon the claimant to prove the claim by a preponderance of the competent evidence. *Credit Industrial Co., et al* v. *Blankinship,* 230 Ark. 371, 323 S. W. 2d 198; *Harris* v. *Harris,* 225 Ark. 958, 286 S. W. 2d 849.

Mrs. Mabry testified, in substance, that some time after the death of her mother she took her father to Pine Bluff, where her sister, Sarah Coocher, resided, and these three discussed disposition of the $7,500.00. It appears that Mrs. Mabry, Mrs. Coocher and their father then proceeded to Dermott and further discussed the problem with Charles Covington, whereupon it was agreed that their father could have the use and benefit of the $7,500.00 and upon his death it would be divided between Geraldine, Sarah and Charles. She further testified that she, her sister and her brother, before the Pine Bluff-Dermott trip, had never contacted each other about such an "arrangement" and that they just "automatical-

ly had the same opinion". Charles Covington testified in support of his sisters' claims.[2]

The testimony supports the alleged oral agreement between claimants and their father but other circumstances belie the validity of their claims. The three claims in this case are based solely upon the testimony of two of the claimants. The third claimant, for some reason, did not appear to testify. Although technically claimants are not parties to each other's claims, it cannot be said that they are disinterested witnesses.

Some mention is made of a loan of $2,500.00 of this money, and of the placing of some money in a bank account, but we do not have the benefit of any records of such transactions. There is no proof in this record, other than appellants' testimony, how much, if any, of the $7,500.00 was in existence at the time their mother died which was about a year after she received this sum.

The Probate Judge was in a position to observe the demeanor of the witnesses when they testified, their manner of speech and their willing or unwilling answers to questions propounded to them. The probate Judge had the opportunity to observe more than printed words which is all we have before this court. *Murphy* v. *Osborne,* 211 Ark. 319, 200 S. W. 2d 517.

After a careful review of the record *de novo* we cannot say that the trial court erred in disallowing the three claims. The decree is therefore affirmed.

---

[2] Claimant, Charles Covington, complains that he was not allowed to testify fully about his sisters' claims. After reviewing his testimony we find no merit in this contention.