GOBER *v.* BAKER.

5-3621                                    393 S. W. 2d 620

Opinion delivered September 13, 1965.

*W. K. Grubbs, Sr.,* for appellant.

*Robert M. Smith,* for appellee.

FRANK HOLT, Associate Justice. This is an appeal from a probate court order allowing the claim of appellee against the estate of the decedent, Lamar Grisham. The appellants are co-executors of the estate. Appellee filed his claim against the estate for: ''Balance Due On Note Covering Merchandise Purchased By Lamar Grisham From Joe B. Baker.

Balance on note .................................................$3,117.98

Interest accumulated to June '62................. 2,548.64

Total of claim ........................................................$5,666.62''.

The claim was seasonably filed within the statutory period of six months. Ark. Stat. Ann. § 62-2601 (Supp. 1963). The executors refused to pay the claim and when the matter was set for hearing the court directed the claimant to amend his claim. No note was filed with the claim. The claimant then filed his amended claim which indicates that according to an audit by Wm. C. Clement, a Certified Public Accountant, as of June 24, 1953 there was a balance of $5,742.98 due from decedent to appellee on an open account instead of a note. The total amount of the amended claim was $5,507.77 after applying credits and interest. This amendment was filed after the expiration of the six months allowed for filing of claims.

The appellants responded stating the original claim was on a note which had long since been paid and that the amendment set up a new claim on an open account and being a changed and different claim was barred since it was filed after the six months time allowed for the filing of claims against the estate and, further, pleaded the three-year statute of limitation.

The court held that the amended claim did not state a new cause of action but related back to the original filing of the claim and was not barred by the statute of nonclaim nor the three-year statute of limitation. The court found that according to the competent evidence, including the records of the decedent, there remained due to the appellee the sum of $4,547.23 as principal and interest.

On appeal appellants contend that the amended claim constituted a new cause of action and was barred by the statute of nonclaim. Ark. Stat. Ann. § 62-2601. Appellants are correct if the amended claim is a new cause of action. In support of their position appellants rely upon *Shelton* v. *Harris,* 225 Ark. 855, 286 S. W. 2d 20. We do not consider this case to be analogous to the case at bar for in the *Shelton* case we said the amendment asserted a cause of action upon a separate and different contract. In the case at bar the original claim and the amended claim clearly arose out of the same transactions and only one contract was involved.

In the instant case the decedent purchased from appellee a butane gas business in 1948 and in 1952 completed payment of the purchase price which was evidenced by certain notes. The claim in question is predicated upon the purchase of various items of merchandise by decedent not included in the original purchase price. Mr. Clement, the CPA, testified that as of June 24, 1953 the decedent owed appellee $5,742.98 and that the decedent assisted him in making an inventory and audit of decedent's and appellee's transactions. Furthermore, the decedent appeared to be pleased with the audit and paid one-half the cost as did appellee. It is significant that the $3,117.98 principal balance allegedly due in the *original claim* was apparently determined by deducting $2,625.00 of undisputed cash credits from the $5,742.98 balance balance due as reflected by the June 1953 audit.

In the case at bar the amended claim was not a new cause of action but was merely a clarification of the original claim which contained allegations upon which the amended claim was predicated. Therefore, it related back to the original filing of the claim. *Bridgman* v. *Drilling,* 218 Ark. 772, 238 S. W. 2d 645; 34 C.J.S. Executors and Administrators § 417 f.

Appellants' assertion that the claim is barred by the three-year statute of limitation is of no avail since a payment was made on the account within three years of the filing of the original claim.

Appellants also urge that there is no competent evidence to prove either the original or the amended claim. There was ample competent proof submitted by the claimant, some of which consisted of the business ledger sheet of the decedent. Such records, made in the regular course of his business, are admissible evidence and not in violation of the Constitution of Arkansas, Schedule, § 2, known as "the dead man's statute". *Pierce* v. *Pierce,* 236 Ark. 412, 366 S. W. 2d 276. In addition to decedent's records and the contract of purchase which provides for the payment of interest, there was the testimony of Mr. Clement, the CPA. Mr. Gober. the executor and decedent's book-

keeper, and Mrs. Baker, appellee's wife. The testimony of these individuals was admissible since none of them were parties to the transactions involved in the disputed claim. *Mabry* v. *Corley*, 236 Ark. 306, 365 S. W. 2d 711.

Certainly we cannot say that the findings of the trial court are against the preponderance of the evidence. Affirmed.