No. 22388.

IN THE MATTER OF THE CLAIM OF HENRY GOSCH *v.* ESTATE OF FRANCISCO C. GOMEZ, ALSO KNOWN AS FRANK C. GOMEZ, DECEASED.

(450 P.2d 1016)

Decided March 3, 1969.

Richard N. Graham, for plaintiff in error.

Charles S. Vigil, Roger Cisneros, for defendant in error.

*In Department.*

Opinion by Mr. Justice Pringle.

This case involves a claim against the estate of Francisco C. Gomez. After a rather informal trial, the trial court concluded that Henry Gosch had not sustained his burden of proving his claim to $1134.96, "or any other amount." Gosch contends here that his evidence established clear and convincing proof of a claim for $1134.96, and that the trial court erred as a matter of law in finding for the estate.

The law is settled in this state that evidence in support of a claim against an estate must be clear and convincing. *E.g., In re Larson's Estate*, 108 Colo. 58, 113 P.2d 686. The evidence in this case discloses that for several years Gosch and Gomez were general partners doing business as G. & G. Fertilizer. The partnership terminated in 1959, and Gosch and Gomez met with their accountant in the late summer of 1960 to arrive at a settlement for the dissolution of the partnership.

According to the accountant's testimony, Gosch and Gomez agreed to certain adjustments during the course of the meeting. From his memoranda of that meeting, the accountant later drew the capital accounts to a closing balance as of December 31, 1959, and recommended a method of dissolution. To oversimplify the recommended

settlement, Gomez was to pay some cash to the partnership and in return receive title to certain of the partnership's equipment, since he wanted to continue in the same line of business. Along with certain miscellaneous items, Gosch was to take $1134.96 as part of the settlement.

There is no direct evidence in the record that Gomez accepted the terms of the proposed settlement. During the trial, the accountant made it quite clear that the method of dissolution was his recommendation as the company accountant, but testified that he had no way of knowing whether any of the recommended transactions had been completed.

To support his contention that the recommended transactions had been consummated, Gosch points out that certain of the partnership equipment (*e.g.*, a Ford tractor) was later inventoried on the forms filed by the administratrix. From this example and others suggested by Gosch, the trial court could possibly have inferred that all of the proposed transactions, except the cash payment of $1134.96, had been consummated. But the trial court did not draw such an inference here. It is the peculiar responsibility of the trial judge to determine what inferences should be reasonably drawn from the evidence he hears, and the drawing of or the refusal to draw inferences by a trial judge will not be disturbed by us unless reasonable minds could not differ on the result.

Under the circumstances present here, we cannot say that the trial court committed error as a matter of law when he held that the evidence did not satisfy him that a settlement was ever agreed to by the partners.

The judgment is affirmed.

MR. CHIEF JUSTICE MCWILLIAMS and MR. JUSTICE HODGES concur.