Orvel C. CAVANAH, Appellant,

v.

Richard J. MARTIN, Personal Representative of the Estate of Harry S. Craig, Deceased, Appellee.

No. 3867.

Supreme Court of Alaska.

Feb. 2, 1979.

C. R. Kennelly, Kennelly & Azar, Anchorage, for appellant.

Bernd C. Guetschow, Branson & Guetschow, Anchorage, for appellee.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR and MATTHEWS, Justices.

## OPINION

BOOCHEVER, Chief Justice.

The issue before us is the proper standard of proof for commercial claims against a decedent's estate. Orvel Cavanah claims that the estate of Harry Craig owes him approximately $30,000.00.[1] When Richard Martin, administrator of the estate, refused the claim, Cavanah filed suit. The matter was heard before a probate master who recommended rejection of the claim. Her report concluded that Cavanah had not adduced "clear and convincing proof" of his claim. The superior court adopted the report.[2] We reverse and hold that ordinarily claims against an estate need only be proved by a preponderance of the evidence.[3]

1. The deceased, Harry Craig, purchased and sold road construction equipment. Cavanah claims one-half partnership interest in certain equipment and compensation for services rendered in connection with the partnership. Cavanah does not claim a joint tenancy interest in the equipment.

2. The probate master issued her report on April 21, 1977, and Cavanah filed objections to it. The superior court appears to have entered no formal order at that time. Martin's brief asserts the superior court adopted the probate master's April report, but cites the court's acceptance of a different, unrelated claim against the estate. When Cavanah made a motion to reopen the case for additional testimony, the probate master recommended against it in a report dated September 23, 1977. The superior court, in an order entered December 23, 1977, adopted the probate master's September report. The superior court's approval of the September report reflects approval of the probate master's earlier April report. A denial of the motion to reopen the case means something had earlier closed it. The record is clear that, despite the lack of a formal order, the superior court viewed the probate master's April report as closing the case.

In his statement of points on appeal, Cavanah states only that the superior court erred in approving the probate master's September report. This technically only puts in issue the propriety of the superior court's denial of Cavanah's motion to reopen the case for additional testimony. We will, however, permit Cavanah's appeal of the court's adoption of the September report to stand as an appeal of the April report based on the following facts: Cavanah immediately objected to the findings of the April report, the superior court entered only one formal order in this case, and that order impliedly adopted the April report.

3. We do not indicate a view on whether a higher standard of proof might be proper for special kinds of claims against estates, such as those alleging an inter vivos gift in the form of a joint tenancy in the decedent's bank account or a claim for payment for personal services rendered to the decedent. See J. Henderson,

The standard of proof in civil cases is proof by a preponderance of the evidence.[4] We find no reason to impose an extraordinary burden of proof for regular commercial claims against an estate. Our holding finds support in cases from other states and commentary.[5]

Some states, however, require proof by clear and convincing evidence.[6] This higher standard of proof may be related to the same distrust of claims against estates which gave rise to Dead Man's Statutes. Those statutes "[exclude] testimony by a survivor of a transaction with a decedent, when offered against the latter's estate;"[7] they are vestiges of the common law rule disqualifying as a witness any person interested in the transaction.[8] Inspired by fear of unjust claims against estates of dead persons, Dead Man Statutes have been roundly criticized as ignoring the interests of the living.[9]

Alaska has completely eliminated the common law disqualification of witnesses based on interest, including when their interest involves a claim against an estate.[10] Our civil rules do recognize, however, the unique problems in evaluating claims against an estate because the decedent's lips are sealed about the transaction. Civil Rule 43(g)(4) deals with that problem by a relaxation of the hearsay rule.[11] It states:

Bancroft's Probate Practice § 900, at 747–48 (2d ed. 1950).

4. Mr. Justice Harlan explained:
In a civil suit between two private parties for money damages, for example we view it as no more serious in general for there to be an erroneous verdict in the defendant's favor than for there to be an erroneous verdict in the plaintiff's favor. A preponderance of the evidence standard therefore seems peculiarly appropriate for, as explained most sensibly, it simply requires the trier of fact "to believe that the existence of a fact is more probable than its nonexistence before [he] may find in favor of the party who has the burden to persuade the [judge] of the fact's existence." In re Winship, 397 U.S. 358, 371–72, 90 S.Ct. 1068, 1076, 25 L.Ed.2d 368, 379–80 (1970) (concurring opinion) (footnote omitted, brackets in original). See E. Cleary, McCormick on Evidence § 339 (2d ed. 1972) (discussion of the meaning of the preponderance standard). See generally McBaine, Burden of Proof: Degrees of Belief, 32 Calif.L.Rev. 242 (1944).

5. Mabry v. Corley, 236 Ark. 306, 365 S.W.2d 711, 712–13 (1963); In re Newson's Estate, 206 Iowa 514, 219 N.W. 305, 310 (1928); In re Wilkerson's Estate, 187 Or. 635, 213 P.2d 209, 210 (1949); J. Henderson, Bancroft's Probate Practice § 900, at 749–50 (2d ed. 1950). In some states, it is not clear what standard is used. See, e. g., Ladnier v. Cross, 241 Miss. 7, 128 So.2d 540, 543 (1961) ("clear and reasonably positive evidence").

6. Gosch v. Estate of Gomez, 168 Colo. 296, 450 P.2d 1016, 1016 (1969); In re Estate of Pomeroy, 21 Ill.App.3d 648, 316 N.E.2d 231, 234 (1974); Estate of Hain, 464 Pa. 349, 346 A.2d 774, 776 (1975); Richards v. Pacific Nat'l Bank of Wash., 10 Wash.App. 542, 519 P.2d 272, 274 (1974). Statutes in some jurisdictions require claims against an estate be corroborated by evidence other than the claimant's testimony. 2 Wigmore on Evidence § 578, at 697 (3d ed. 1940).

7. 2 Wigmore on Evidence § 578, at 695 (3d ed. 1940).

8. E. Cleary, McCormick on Evidence § 65, at 142–43 (2d ed. 1972); 2 Wigmore on Evidence § 578 (3d ed. 1940). For a discussion of the history of the interest disqualification, see id. §§ 575–77.

9. Jeremy Bentham in the 1700's termed the exclusion of survivor's testimony a "blind and brainless" technique. E. Cleary, McCormick on Evidence § 65, at 143 (2d ed. 1972). Modern commentators have been no more approving. See id. § 65; 2 Wigmore on Evidence § 578 (3d ed. 1940). The judiciary has also been consistently hostile to the exclusionary policy of the Dead Man's Statutes. See, e. g., Richards v. Pacific Nat'l Bank of Wash., 519 P.2d at 274. For an account of the history of one state's Dead Man Statute, see Chadbourn, History and Interpretation of the California Dead Man Statute: A Proposal for Liberalization, 4 U.C.L.A. L.Rev. 175 (1957).

10. Civil Rule 43(g) provides, in part:
(1) Disqualification of Witnesses. A person is disqualified to be a witness if the court finds that (1) the proposed witness is incapable of expressing himself concerning the matter so as to be understood by the court and jury either directly or through interpretation by one who can understand him, or (2) the proposed witness is incapable of understanding the duty of a witness to tell the truth.

11. In re Hewett's Estate, 358 P.2d 579, 585 (Alaska 1961), analyzing section 58-6-1 ACLA 1949, the predecessor statute to Civil Rule 43(g)(4) (dictum).

When a party to an action against an executor or administrator appears as a witness in his own behalf, statements of the deceased whether oral or in writing concerning the same subject may also be shown.[12]

We believe that the absence of a Dead Man's Statute and the terms of Civil Rule 43(g)(4) put the estate and claimants on relatively equal footing. A standard of proof by clear and convincing evidence is therefore not necessary to protect the estate against false claims.[13]

The probate master's report found that Cavanah had not established his claim by clear and convincing evidence.[14] Since he may have established his claim if the evidence was judged by a preponderance standard, we remand this case.[15] We, of course, intimate no opinion on whether the record establishes Cavanah's claim by a preponderance of the evidence.

REVERSED and REMANDED for further proceedings consistent with this opinion.

**12.** At least three other states—Connecticut, Virginia and Oregon—have similar statutes. Wigmore on Evidence § 578, at 697–98 (3d ed. 1940).

**13.** We do not mean to imply that the fact that the suit is a claim against an estate would not affect the trier of fact. The estate's administrator, or whoever is resisting the claim, may argue that claimant's interest entitles his or her testimony to less weight, or that the assertion of the claim only after the person's death is suspicious. A reasonable trier of fact might very well find that evidence which would constitute a preponderance of evidence on a claim against a living person would not establish a claim against a dead person. *See* E. Cleary, McCormick on Evidence § 65, at 143 (2d ed. 1972).

**14.** The probate master's report referred to AS 34.35.195 which establishes that for purposes of a lien based on improvement of chattels, "a person in lawful possession of the chattel" is

considered its owner. Appellee Martin argues that the estate's lawful possession of the equipment raises a presumption that the estate had legal title to the equipment, "thereby requiring appellant to produce evidence of ownership." Appellant Cavanah has the burden to prove his claims of partnership interest in the equipment, irrespective of AS 34.35.195. To bolster his position, appellee Martin may point to the estate's physical possession of the equipment, without resort to AS 34.35.195. That statute establishes no additional legal propositions relevant to this case.

**15.** The superior court may, in its discretion, hear additional testimony on remand. This is not because the denial of Cavanah's motion to reopen the case, *see* note 2, *supra*, was error, but because our decision introduces a new element in the case—a clarified, lesser burden of persuasion.