Dr. E. G. DOOLEY and WILLIAMS CHEMICAL COMPANY, INC. *v.* CECIL EDWARDS CONSTRUCTION CO., INC. and STEVE'S PLUMBING AND HEATING, INC.

CA 84-95                                        681 S.W.2d 399

Court of Appeals of Arkansas
Division II
Opinion delivered December 19, 1984

*Person & Vanwinkle,* by: *Gary D. Person,* for appellants.

*Warner & Smith,* by: *Joel D. Johnson,* for appellees.

TOM GLAZE, Judge. Appellees sued appellants in circuit court to recover the value of certain construction work they had done for appellants. The jury returned a verdict of $4,360.16 for appellee Cecil Edwards Construction Company (Edwards), and $19,862.48 for appellee Steve's Plumbing and Heating. On appeal, appellants Dr. E. G. Dooley and Williams Chemical Company, Inc., contend the trial court erred: (1) in admitting testimony pertaining to another lawsuit pending between the parties in Oklahoma; (2) in permitting the permissive joinder of the appellees as plaintiffs; and (3) in giving certain instructions to the jury.

Appellee Edwards is a general building contractor. In May of 1980, appellants and Edwards agreed that Edwards would do certain construction work for appellants. Edwards hired appellee Steve Cooksey as a subcontractor to do plumbing. From May, 1980, to July, 1981, appellees worked on five construction projects for appellants in Arkansas and one in Oklahoma. The last project was the construction of a truck stop in Oklahoma. Because they became dissatisfied with the work the appellees had done on the truck stop, appellants terminated their relationship.

Appellee Edwards' officials testified at great length about the nature of the construction work they had done for appellants. They admitted that appellants had paid them all they owed for the work done in Arkansas, except for $4,300 due on a construction job at Sebastian Lakes. Appellee Edwards stated that appellants owed his company approximately $85,000 for the Oklahoma project. Appellee Cooksey testified that even though he was Edwards' subcontractor, he had a separate agreement with appellants whereby he was to directly bill appellants at the conclusion of all of the plumbing he did for appellants and that he did bill appellants, who never paid him for his work on the Arkansas construction projects. Appellee Cooksey admitted that slightly over a year passed between the start of his work for appellants and his presentation of a bill to appellants for the work done on the five Arkansas projects. Appellee Cooksey also stated that he worked on the Arkansas projects

at the same time he worked on the truck stop in Oklahoma. Dr. Dooley testified for the appellants and admitted that both appellees had provided construction services for them at their request, but denied owing either appellee any money beyond what had already been paid to Edwards. He also denied having any direct billing agreement with appellee Cooksey and stated that if Cooksey was not paid, Edwards, Cooksey's general contractor was liable.

Appellants' first argument for reversal is that the trial court erred in admitting evidence pertaining to the construction of the truck stop in Oklahoma, which was the subject of a then-pending lawsuit between the parties in Oklahoma. According to appellants, the testimony describing the circumstances of the truck stop construction work and the existence of a resultant lawsuit was irrelevant and prejudicial and therefore should not have been admitted. Relevant evidence is, of course, evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Ark. Unif. R. Evid. 401. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Ark. Unif. R. Evid. 403. Before analyzing the relevancy of the testimony pertaining to the lawsuit in Oklahoma, we note that the trial court has discretion in ruling on the relevance of evidence, and we will not reverse in the absence of an abuse of discretion. *Olson* v. *Riddle*, 280 Ark. 535, 659 S.W.2d 759 (1983).

We agree with the trial court below that the testimony complained of is relevant. The testimony does go to the existence of some fact that is of consequence to the determination of this action — in this case, the evidence of the lawsuit in Oklahoma goes to the issue of whether or not appellants owed any money to appellees. This evidence makes the existence of the issue more or less probable because it suggests why appellants would refuse to pay appellees when they did, in fact, owe them. Edwards' officials testified that the Sebastian Lakes project was completed in April of 1981, but that the final bill for the job, the $4,360.16 at issue, was not submitted to appellants until June 30, 1981. By July 1,

1981, appellants had become dissatisfied with appellees' work on the truck stop in Oklahoma and had dismissed them—in fact, Edwards' officials noted that they had been run out of appellees' office in July of 1981. When cross-examined about the Sebastian Lakes bill, appellant Dooley stated:

> I couldn't understand why we were billed, there, in June for a job where the store opened at Christmas time. It appears like all of these billings took place after the truck stop job was—was finished and we had difficulties on that last—problems over there.

From the foregoing evidence, appellants' receipt of Edwards' $4,360.16 bill for the Sebastian Lakes job coincided with the appellants' dismissal of Edwards over Edwards' workmanship on the Oklahoma truck stop job. Obviously, the jury could have concluded from these facts that even if appellants owed Edwards for the Sebastian Lakes job, they had no intention of paying Edwards any more monies after they severed their relationship, at least until they resolved their differences over the Oklahoma job. This evidence may be of slight relevance in this respect; however, as *McCormick on Evidence* notes, it is enough if the item of evidence reasonably shows that a fact is slightly more probable than it would appear without the evidence. *McCormick on Evidence,* at 540-48 (3d ed. 1984).

In addition, appellees testified that they did not complete the construction projects one after the other, but they worked on the Oklahoma job while they were busy with the Arkansas projects. Appellee Edwards' secretary-treasurer stated during cross-examination that appellants' failure to pay for the work Edwards did in Oklahoma "was the reason behind" their decision to sue to collect the debt owed on the Sebastian Lakes project. This testimony about appellees' construction work for appellants in Oklahoma and the resultant lawsuit is background information necessary to enable the jury to fully understand the relationship between the parties. Such background information is relevant. *See McCormick on Evidence,* 541 (3d ed. 1984); and *M. Graham Handbook on Federal Evidence,* 147 (1981).

Even if the evidence at issue is relevant, it may be inadmissible because it is unfairly prejudicial. Ark. Unif. R. Evid. 403. The testimony pertaining to the truck stop construction in Oklahoma is not unfairly prejudicial to appellants. When questioned about the project, representatives of Edwards stated that the lawsuit that arose from the project in Oklahoma was merely *pending*. Appellants argue that the appellees' testimony bearing on the Oklahoma action prejudiced them because such testimony presented appellants to the jury as having not paid *three* claims, rather than only two claims. However, on cross-examination of Edwards' president, appellants developed testimony pertaining to their counterclaims in the Oklahoma suit which suggested to the jury that appellee Edwards did inferior work and tried to defend them by charging for work his company did not do. If any party was prejudiced by the testimony, it was appellees, not appellants. In addition, appellee Cooksey's testimony concerning his billing practices for the Oklahoma project actually *supported* appellants' case in that Cooksey admitted that he did not bill apellants directly for this work, but instead billed appellants through appellee Edwards, his general contractor. Given the earlier testimony that the Arkansas projects and the construction in Oklahoma were all done at approximately the same time, appellee Cooksey's admission lends support to appellants' contention that they had no direct billing agreement with Cooksey.

Appellants next argue that the trial court erred in denying their motion for severance of the appellees, based on their improper permissive joinder. Arkansas Rule of Civil Procedure 20(a), which governs permissive joinder of parties, states, in part:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or rising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action . . .

The facts in this case, summarized above, clearly

demonstrate that the appellees were involved in the same series of transactions—namely, the construction projects that they both worked on for appellants. At trial, the testimony revealed that there were questions of law and fact common to appellees that arose in their actions—for example, both appellees presented a great deal of testimony to explain appellee Cooksey's billing practices and thereby to establish Cooksey's reasons for directly billing appellants. Each appellee needed to establish the fact of Cooksey's agreement with appellants regarding payment for his plumbing services—appellee Edwards to show that his company had received *only* money due to *it,* and appellee Cooksey to show that appellants had, in fact, agreed to pay him, rather than Edwards, his general contractor. The trial court's decision to permit joinder of the appellees in this action was correct and prevented needless waste of scarce space on the court's docket.

Appellant's third allegation of error is that the trial court erred in giving certain instructions to the jury. The instructions appellants complain of were given for both appellees. The instructions provided that if the jury found a contract existed between each appellee and appellants but that the parties had stated no price term in the contract, and if the services were provided by one party and were accepted by the other, and if the party providing the services proved their reasonable value, then the jury should find for the party providing the services. The appellants argue that the trial court gave the jury instructions pertaining to the existence of an implied contract between appellees and appellants. According to appellants, this was error because the existence of such an implied contract was not an issue in the case, and no party presented any evidence that such a contract existed.

This argument is meritless. The instructions appellants complained of are not based on any implied contract theory. Rather, the instructions are based on Arkansas case law, which holds that if a contract makes no statement of the price to be paid for services, the law invokes the standard or reasonableness and fair value, and the fair value of the services is recoverable. *Hawkins* v. *Delta Spindle of Blytheville,* 245 Ark. 830, 434 S.W.2d 825 (1968). The instructions

were justified because appellants admitted that they had a contract with appellee Edwards, that appellee Cooksey was a subcontractor of appellee Edwards, and that both appellees had provided services which appellants had accepted. Appellants disputed only whether they owed appellee Edwards the amount Edwards claimed and whether they owed appellee Cooksey any money at all. Clearly, these facts admitted by appellants justify the trial court's giving the instructions at issue. Indeed, for the trial court to have refused to give these instructions would have been error because a jury should be instructed on all theories of recovery which the evidence warrants. *Daniel* v. *Quick,* 270 Ark. 528, 606 S.W.2d 81 (1980).

Affirmed.

MAYFIELD and COOPER, JJ., agree.