Freddie MERCER and Mollie MERCER v. William
C. NELSON

87-162                                               738 S.W.2d 417

Supreme Court of Arkansas
Opinion delivered November 2, 1987

*Guy Jones, Jr., P.A.*, for appellant.

*Matthews & Sanders*, for appellee.

STEELE HAYS, Justice. Appellants Freddie and Mollie Mercer brought this damage suit alleging negligence by William Nelson in colliding with the rear of Mrs. Mercer's vehicle while she was stopped in a line of traffic. Nelson's answer was a general denial and an allegation of contributory negligence. In trial Nelson testified he was struck from behind by another motorist (Ricky Dan Cook) and knocked into the plaintiff. The proof was conflicting as to whether Nelson struck Mrs. Mercer before or after being struck by Cook. Nelson asked the trial court to instruct the jury on intervening proximate cause, AMI 503, to which the plaintiffs objected, arguing that intervening cause was an affirmative defense that had not been pled. At that point the

defense moved to conform the pleadings to the proof and the court granted the motion. The jury returned a verdict for the defendant.

On appeal appellants renew the argument that because intervening cause was not pled by the defendant, it was error for the trial court to give AMI 503 and to permit the pleadings to be amended. Appellants cite ARCP Rules 8 and 12 which deal with affirmative defenses and provide that they shall be pled in concise and ordinary language. Conceding that intervening cause should have been specifically pled by the defendant, the answer to appellants' argument is found in the fact that ARCP Rule 15(b) gives the trial court the discretionary power to allow the pleadings to be amended to conform to the proof:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended in its discretion. The court may grant a continuance to enable the objecting party to meet such evidence.

Reporters Notes to Rule 15 states:

> (2) Section (b) is identical to FRCP 15(b). It follows prior Arkansas law by permitting amendments to conform to the proof adduced at the trial. This rule goes somewhat further, however, by more or less making it mandatory that pleadings be amended to conform to the proof where there has been objection to such proof. *Metropolitan Life Ins. Co.* v. *Fugate*, 313 F. 2d 788 (C.C.A. 5th, 1963); *Bradford Audio Corp.* v. *Pious*, 329 F. 2d 67 (C.C.A. 2nd, 1968). Prior Arkansas law granted the trial court considerable discretion to permit pleadings to be amended to conform to the proof where there had been no objection raised. *Velda Rose Motel, Inc.* v. *Eason*, 241 Ark. 1041, 411 S.W.2d 502 (1967); *Smith* v. *F. & C. Engineering Co.*, 225 Ark. 688,

285 S.W.2d 100 (1956). Where a new or different claim or defense was sought to be presented over the objection of the opposing party, the pleadings could not be amended to conform to the proof under prior Arkansas law. *Shelton* v. *Harris*, 225 Ark. 855, 286 S.W.2d 20 (1956); *O'Guinn Volkswagen, Inc.*, v. *Lawson*, 265 Ark. 23, 505 S.W.2d 213 (1974). This rule does liberalize somewhat prior Arkansas law.

We find no objection by the appellants to the proof of intervening cause, in fact, the initial introduction of intervening cause came from the appellants, whose first witness was the investigating officer. It was quickly established by his testimony that three vehicles were involved in the collision. Appellants' counsel then asked:

Q: Now, did Mr. Nelson ever indicate to you that day that he would have stopped, except that he was hit by Cook and forced into Molley's (Mrs. Mercer) car?

A: No.

Q: He indicated to you that he hit Molley about the same time Cook was hitting him is that what you're telling us?

A: That's correct, according to his statement, that's the way it happened.

Nor was there an objection subsequently when Nelson testified that he would have been able to stop before hitting Mrs. Mercer had he not been struck by Ricky Dan Cook. Thus, it is clear that the language of Rule 15, providing that issues not raised by the pleadings but tried by implied consent of the parties, is applicable here, with the result that such issues are treated "in all respects" as if they had been raised by the pleadings. Moreover, we find no claim of surprise, nor request for a continuance by the appellants in order to counter the proof respecting the intervening factor. Having granted the motion to amend, it was proper for the trial court to instruct the jury regarding intervening proximate cause. *Dooley* v. *Cecil Edwards Construction Co., Inc.*, 13 Ark. App. 170, 681 S.W.2d 399 (1984).

Affirmed.

PURTLE, J., not participating.